**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RUFUS LOVELL BROOKS,

        Plaintiff,

v.                                      Case No:   6:22-cv-669-WWB-LHP

BROOKS CONSULTANTS, INC.,
TERI-LYNNE JOHANSSON, GERRY
WYSE, LABYRINTH
INTERNATIONAL, LLC, FUSION
SOLUTION, INC., FATIMA ABBAS,
SWI, INC. and ETEAM, INC.,

        Defendants

---

**ORDER TO SHOW CAUSE**

This matter comes before the Court *sua sponte*. An issue is presented as to whether the Court lacks subject matter jurisdiction in this case.

On April 6, 2022, Plaintiff Rufus Lovell Brooks, appearing *pro se*, filed a complaint against Defendants Brooks Consultants, Inc., Teri-Lynne Johansson, Gerry Wyse, Labyrinth International, LLC, Fusion Solution, Inc., Fatima Abbas, SWI, Inc., and eTeam, Inc. Doc. No. 1. In the complaint, Plaintiff asserted several state law claims, including: (1) breach of contract (counts I–III); (2) fraudulent misrepresentation (counts IV–V); and (3) intentional infliction of emotional distress

(count VI).  *Id.*  Plaintiff asserted that the Court had jurisdiction under 28 U.S.C. § 1332 based on the diversity of citizenship between the parties, and that the amount in controversy exceeded $75,000.00.  *Id.* ¶ 1.

Upon review of the jurisdictional allegations of the complaint, however, the Court found the allegations regarding the diversity of citizenship between the parties deficient.  Doc. No. 3.  More specifically, Plaintiff had not adequately alleged his own citizenship or the citizenship of the individual Defendants; Plaintiff did not adequately allege the corporate entity Defendants' places of incorporation or where their principal places of businesses were located; and Plaintiff had not adequately alleged the citizenship of the LLC Defendant (*i.e.*, the citizenship of each of Labyrinth International, LLC's members).  *Id.* at 4–6.  So, the Court issued an Order to Show Cause, directing Plaintiff to either show cause by April 28, 2022 why the case should not be dismissed for lack of subject matter jurisdiction, or alternatively, by that date, to file an amended complaint adequately alleging that the Court has subject matter jurisdiction over the case.  *Id.* at 5–6.

On April 18, 2022, Plaintiff filed an amended complaint raising the same state law claims, Doc. No. 6, but has not otherwise filed a written response to the Order to Show Cause.  Plaintiff states that the amended complaint is filed "in order to address the jurisdictions issues raised by the Court."  *Id.* at 2.  Upon consideration, however, the amended complaint does not adequately allege the citizenship of each

of the parties to this lawsuit, and therefore, Plaintiff will once again be ordered to show cause why the matter should not be dismissed for lack of subject matter jurisdiction.

Specifically, in the amended complaint, Plaintiff has rectified the jurisdictional deficiencies with regard to the individual Defendants by sufficiently alleging the citizenship of each. *See* Doc. No. 6 ¶¶ 13, 15, 17 (alleging Johansson, Wyse, and Abbas are citizens of Texas). But, Plaintiff nowhere alleges his own citizenship, merely stating that he is a resident of Florida. *See id.* ¶ 3. *See also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

Plaintiff also fails to adequately allege the citizenship of most of the Defendant corporations (Brooks Consultants, Inc, Fusion Solution, Inc., and SWI, Inc.) because, although he alleges the state of incorporation for each, *see* Doc. No. 6 ¶¶ 4, 10, 23, he does not allege where the principal place of business for each of these entities is located, *see id.* ¶¶ 4–25, *but see id.* ¶ 20. *See also* 28 U.S.C. § 1332(c)(1).

Finally, Plaintiff once again does not sufficiently allege the citizenship of the LLC Defendant because he alleges only the citizenship of Labyrinth International, LLC's "principle officer." *See* Doc. No. 6 ¶¶ 7–9. But, as Plaintiff has been told, he must identify each of Labyrinth International, LLC's members and the

citizenship of each of its members in order to establish diversity of citizenship between the parties in this case. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir. 2004); *Venture Invs. Props., LLC v. Scottsdale Ins. Co.*, No. 3:14-cv-1536-J-34PDB, 2015 WL 269011, at *2 (M.D. Fla. Jan. 21, 2015).

"In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction." *Moreno v. Breitburn Fla., LLC,* No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (citation omitted). Upon consideration, the Court will give Plaintiff one final opportunity to demonstrate that the Court has subject matter jurisdiction in this case. Accordingly, it is **ORDERED** that, on or before **May 17, 2022**, Plaintiff shall show cause in writing why the case should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response must be supported by evidence sufficient to establish the citizenship of each of the parties to this case in accordance with governing law. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2011) (allowing defective allegations regarding citizenship to be cured through record evidence).

**DONE** and **ORDERED** in Orlando, Florida on May 3, 2022.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties