FILED

IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF FLORIDA ORLANDO
DIVISION

2022 JUN 10 PM 2:34

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO: 6-22-cv-669-WWB
-LHP

RUFUS LOVELL BROOKS,

            Plaintiff

    Vs.

Brooks Consultants, Inc.
Teri-Lynne Johansson as Account Director at Brook, Inc., as
Operation Manager at Labyrinth, and in her individual
capacity; Gerry Wyse, as COO of Brook, Inc. and in his
individual capacity;

Labyrinth International, LLC,

Fusion Solution, Inc.

Fatima Abbas as VP of Fusion Solution, and, in her
individual capacity,

SWI, Inc.,

eTeam, Inc.,

            Defendants

SECOND AMENDED COMPLAINT
FOR COMPENSATORY, ASSUMED,
AND PUNITIVE DAMAGES:

**JURY TRIAL DEMAND**

## SECOND AMENDED COMPLAINT AND
## DEMAND FOR JURY TRIAL

Plaintiff, Rufus Lovell Brooks ("BROOKS"), acting prose, files this Second Amended Complaint for breach of contract against a group of unscrupulous recruiters and their employers, Defendants, Brooks Consultants, Inc., ("BROOK"), Teri-Lynne Johansson, ("JOHANSSON"), Gerry Wyse, ("WYSE") Labyrinth International, LLC, ("LABYRINTH"), Fusion Solution, Inc. ("FUSION"), Fatima Abbas ("ABBAS"), Sublime Wireless, Inc. ("SWI") and, eTeam. Inc. ("eTeam"). This Amended Complaint, add an additional claim of (Intentional Interference with Prospective Economic Advantages), as to Defendants, Teri- Lynne Johansson, Gerry Wyse, and Fatima. The Amended Complaint rename defendant, SWI, Inc. to Sublime Wireless, Inc.

## JURISDICTION, VENUE AND PARITES

I. This Court has jurisdiction pursuant to 28 U.S.C. §1332, diversity jurisdiction, with an amount in controversy of more than $75,000.

2. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court, namely, that the Agreements entered into between Plaintiff and Defendants mandates that an action be commenced within the District Court of Florida

3. Venue is also proper in this Court because Plaintiff is a resident of the city of Orlando, Florida, which is located within the Middle District of Florida.

4. Defendant, Brooks Consultants, Inc. is a foreign corporation, registered as a domestic corporation in the State of Texas.

5. Defendant, Brooks Consultants, Inc. principle officer is Gerry Wyse. Gerry Wyse resides in the State of Texas and he is a citizen of the State of Texas.

6. Defendant, Brooks Consultants, Inc. conducted business within the State of Florida, providing telecommunication staffing services throughout Florida, including within the Middle District of Florida.

7. Defendant, Labyrinth International, LLC is a foreign corporation, registered as a

providing telecommunication staffing services throughout Florida, including within the Middle District of Florida.

10. Defendant, Fusion Solution, Inc. is a foreign corporation, registered as a domestic corporation in the State of Texas.

11. Defendant, Fusion Solution, Inc. principle officer is Yuki Tsaroya. Yuki Tsaroya resides in the State of Texas and, he is a citizen of the State of Texas.

12. Defendant, Fusion Solution, Inc. conducted business within the State of Florida, providing telecommunication staffing services throughout Florida, including within the Middle District of Florida.

13. At all times relevant to the allegations in this Complaint, Defendant, and Teri-Lynne Johansson lives in Denton County Texas, and she is a citizen of State of Texas.

14. At all times relevant to the allegations in this Complaint, Defendant, Teri-Lynne Johansson conduct business within the State of Florida.

15. At all times relevant to the allegations in this Complaint, Defendant, Gerry Wyse lives in the State of Texas, and he is a citizen of State of Texas.

16. At all times relevant to the allegations in this Complaint, Defendant, Gerry Wyse conducted business within the State of Florida.

17. At all times relevant to the allegations in this Complaint, Defendant, Fatima Abba lives in the State of Texas and, she is a citizen of the State of Texas.

18. At all times relevant to the allegations in this Complaint, Defendant, Fatima Abbas conducted business within the State of Florida.

19. Pursuant to 28 U.S.C. §§ 1332(a)(l) and 1332(a)(2), this court has subject matter jurisdiction over this action because Plaintiff is diverse from eTeam and the amount in controversy against defendant exceeds $75,000, exclusive of interest and costs.

20. Defendant, eTeam is a New Jersey corporation with its principal place of business located at 1001 Durham Avenue, Suite 201, South Plainfield, NJ 07080.

21. Defendant, eTeam's principle officer is Ben Thakur, and Ben Thakur resides in the State of New, and he is a citizen of New Jersey.

3

22. Defendant, eTeam, Inc., conducted business within the State of Florida, providing telecommunication staffing services throughout Florida, including within the Middle District of Florida.

23. Defendant, SWI, Inc. is a foreign corporation, registered as a domestic corporation in the State of New York.

24. Defendant, SWI, Inc. principle officer is Muhammad Faiaz. Muhammad Faiaz resides in the State of New York and, he is a citizen of the State of New York.

25. Defendant, SWI, Inc. conducted business within the State of Florida, providing telecommunication staffing services throughout Florida, including within the Middle District of Florida.

## **STATEMENT OF THE FACTS**

26. Plaintiff, Rufus Brooks is a telecommunications construction/project manager, with a college degree and, with over thirty years of telecommunications experience.

27. From 2000 to the present, Plaintiff worked as a Project manager and, as a Construction Manager, managing construction cellular projects throughout the United States.

28. Over that time period, Plaintiff worked as a contractor for many of the major wireless carrier and their general contractor's including AT&T, T-Mobile, Sprint, Ericsson and Nokia.

29. The wireless carriers and their general contractors utilized staffing agencies to supply them with contractors for construction and project manager jobs as needed.

30. The jobs are well paid jobs and require a high school education at a minimum. Over eighty percent of the jobs are held by white males with high school education.

31. Among the staffing agencies supplying contractors for the carrier and their general contractors are eTeam, Inc., SWI, Inc., Labyrinth International, Fusion Solution, Inc. and Brooks, Inc.

32. Many of the staffing agencies, including Labyrinth International, eTeam, Inc., Fusion Solution, SWI, Inc. and Brook, Inc., required the contractors to sign "right to represent"

4

agreements or e-mail confirmations, ("RTR"), which gives the agencies the exclusive rights to represent the contractors to the carriers or general contractors for jobs.

33. The length and conditions of the "RTR" agreements vary, some are for one specific job and some are for a specific period of time.

34. Contractors applying for jobs with Ericsson are required to give the staffing companies a thirty days "R TR" agreement.

35. Most of the other carriers and general contractors require the 'RTR" agreement for a specific job only.

36. When a contractor applies for a job with Ericsson, Ericsson will e-mail the contractor, and request the contractor to confirm that they have a "RTR" agreement with the staffing agency.

37. The confirmation is for the right to represent the contractor to Ericsson only, the contractor has no confirmation of any jobs that the staff agency may have submitted him/her to.

38. When a contractor applies for a job with Sprint, Sprint requires the contractor to sign a "RTR" agreement for that particular job only. Sprint does not send the contractor a confirmation, therefore the contractor do not know if the recruiter actual submitted him/her to the job.

39. Signing a "RTR" agreement is a major concern for most contractors because they are forced to trust and rely on the recruiter for a job.

40. In general, contractors believe most staffing agencies and their recruiters are honest and have integrity; however, there are many unscrupulous staffing agencies and their recruiters out there and the Defendants belong in that group..

41. Some recruiters collect resumes and "RTR" agreements like candy, and use them to manipulate the contractor for financial exploitations, and for personal reasons.

42. It is common practice for some recruiters to hold a contractor resume and submit someone else for the job because they were asking for a lower rate.

43. The contractor is not aware that his/her resume is being held by the recruiter and, because they have signed a "RTR" agreement with the agency, they are legally stuck with the agency and have no chance for the job.

44. Recruiter often collect resumes just to adding them to their database; they solicit

contractors about a nonexistent job opening and get them to send them their resumes and sign a "RTR" agreement which make the contractor legally bind to them.

45. Recruiters collects and hold contractor resumes for other reason also; including, financial gains, a candidate's marketability, race, sex, gender, politics, and for personal reasons.

## **ACTUAL ALLEGATIONS**

46. From 2012 until the present, Plaintiff contracted with Labyrinth International, Fusion Solution, Inc. and Brook, Inc. for jobs with Ericsson and Sprint.

47. During that time frame, Defendant, Teri-Lynne Johansson was the Account manager at Labyrinth International, Fusion Solution, Inc., and Brook, Inc. and, she was responsible for staffing the Sprint and Ericsson's projects for the agencies.

48. During that time frame, Defendant, Teri-Lynne Johansson solicited and encouraged Plaintiff to apply to over six hundred jobs with Ericsson and Sprint.

49. During that time frame, Plaintiff agreed to a "RTR" agreement, and asked the Defendant, Teri- Lynne Johansson to submit him to over five hundred of those jobs with Ericsson and Sprint.

50. During that time frame, the Defendants, Brook, Inc., Labyrinth International, Gerry Wyse, and Teri-Lynne Johansson, confirmed to the Plaintiff that they had submitted him to over five hundred jobs with Ericsson and Sprint.

51. During that time frame, Plaintiff was not selected for interviews or hired for any of the five hundred jobs that the Defendants claimed they had submitted him to.

52. From 2019 until the present, Plaintiff contracted with Fusion Solution, Inc. for jobs with Ericsson.

53. During that time period Defendant, Fatima Abbas was the account manager for Fusion Solution, Inc. and was responsible for staffing the Ericsson' projects.

54. During that time frame, Defendant, Fatima Abbas solicited and encouraged Plaintiff to apply for over sixty jobs with Ericsson.

55. During that time frame, Plaintiff signed "RTR" agreements and asked the Defendant, Fatima Abbas to submit him to over sixty jobs with Ericsson.

56. During that time frame, the Defendants, Fatima Abbas, and, Fusion Solution, confirmed to the

Plaintiff that she had submitted him to over sixty jobs with Ericsson.

57. During that time frame, Plaintiff was not selected for interviews or hired for any of the sixty jobs that Defendant, Fatima Abbas claimed she had submitted him to.

58. From 2014 until the present, Plaintiff contracted with eTeam, Inc. for jobs with Ericsson, T- Mobile, Nokia and others.

59. During that time frame, Defendant, eTeam solicited and encouraged Plaintiff to apply for over eighty jobs with Ericsson, T-Mobile and, Nokia.

60. During that time frame, Plaintiff signed "RTR" agreements and asked the Defendant, eTeam, Inc. to submit him to over eighty jobs with Ericsson, T-Mobile and, Nokia.

61. During that time frame, Plaintiff was not selected for interviews or hired for any of the eighty jobs that Defendant, eTeam; Inc. claimed they had submitted him to.

62. From 2014 until the present, Plaintiff contracted with **SWI,** Inc. for jobs with Ericsson, T- Mobile, Nokia and others.

63. During that time frame, Defendant,  SWI, Inc. solicited and encouraged Plaintiff to apply for twenty three jobs with Ericsson, T-Mobile and, Nokia.

64. During that time frame, Plaintiff signed "RTR" agreements and asked the Defendant, SWI, Inc. to submit him to over  twenty three jobs with Ericsson, T-Mobile and, Nokia.

65. During that time frame, Plaintiff was not selected for interviews or hired for any of the twenty three jobs that Defendant, SWI.Inc. claimed they had submitted him to.

66. Upon reasonable  information  and belief, for at least five (5) years prior to the filing of this Complaint, Plaintiff alleges that Defendants, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International have willfully and intentionally failed to represent Plaintiff for jobs at Ericsson, and Sprint as agreed.

67. On or about January 6 2020, Plaintiff, Rufus Brooks enter into a 'right to represent agreement" with Defendants, Brook, Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International  for a job with Sprint. A copy of the agreement is attached as Exhibit "A".

68. Although the Defendants agreed to submit Plaintiff to Sprint for the job, they did not submit him.

69. On or about May 16, 2021, Plaintiff, Rufus Brooks enter into a 'right to represent agreement" with Defendants, Brook, Inc., Gerry Wyse, and Teri-Lynne Johansson  for a

job with Ericsson. A copy of the agreement is attached as Exhibit "B".

70. Although the Defendants agreed to submit Plaintiff to Ericsson for the job, and represent Plaintiff to Ericsson for jobs with Ericsson for thirty days, they did not.

71. From 2016 until the present, Plaintiff, Rufus Brooks enter into "right to represent" agreements with Defendants, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International for jobs with Sprint and Ericsson.

72. Although the Defendants received "RTR" agreements from Plaintiff and agreed to represent and submit Plaintiff to Sprint and Ericsson for jobs, they did not.

73. The defendants led Plaintiff to believe that they had submitted him for those jobs, legally blocking him from being submitted for those jobs by other staffing agencies.

74. From 2016 until January, 2022, the Defendants, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International made concerted efforts to control Plaintiffs job search with Sprint and Ericsson.

75. During that time fame, Defendant, Teri-Lynne Johansson constant contacted Plaintiff with job openings at Sprint and Ericsson and encouraged Plaintiff to apply for them.

76. During that time fame, Defendant, Teri-Lynne Johansson contacted Plaintiff over seven hundred and eighty times.

77. During that time frame, Defendants, Teri-Lynne Johansson, Brook, Inc., Gerry Wyse and Labyrinth International were responsible for, or controlled eighty percent of Plaintiffs job submissions to Ericsson and Sprint.

78. During that time frame, Defendant, Teri-Lynne Johansson received "RTR" agreements from Plaintiff for those submissions.

79. During that time frame, Plaintiff did not receive an interview or job offer from any of those submissions.

80. Plaintiff expressed concern to Defendant, Teri-Lynne Johansson as to why he was unable to find employment with Sprint and Ericsson, and requested feedback.

81. Defendant, Teri-Lynne Johansson did not provide Plaintiff with any feedback.

82. Plaintiff had worked for Ericsson on four major projects from 2010 until 2015 and, was in good standing with Ericson which was confirmed by Defendant, Teri-Lynne

Johansson.

83. Plaintiff contacted Ericsson and discovered that Defendant, Teri-Lynne Johansson had intentionally misled Plaintiff regarding his job submissions to Ericsson.

84. Plaintiff contacted Sprint and discovered that Defendant, Teri-Lynne Johansson had intentionally misled Plaintiff regarding his job submissions to Sprint.

85. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, Teri-Lynne Johansson failed to submit Plaintiff to jobs he had applied for with Sprint and Ericsson for financial reasons.

86. Upon information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, Teri-Lynne Johansson failed to submit Plaintiff to jobs he had applied for with Sprint and Ericsson for personal reasons.

87. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, Teri-Lynne Johansson P failed to submit plaintiff to jobs he had applied for with Sprint and Ericsson because of Plaintiffs race.

88. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, Teri-Lynne Johansson failed to submit Plaintiff to jobs he had applied for with Sprint and Ericsson because of Plaintiffs age.

89. Defendant Teri-Lynne Johansson intentionally, willfully, wantonly and maliciously held Plaintiffs resume and failed to submit Plaintiff for jobs with Ericsson and Sprint as agreed.

90. Upon reasonable information and belief, Plaintiff alleges that Defendant, Teri-Lynne Johansson, managers at Brook, Inc., and Labyrinth International were aware that Defendant, Teri-Lynne Johansson was not submitting Plaintiff to jobs he had applied for with Sprint, and Ericsson.

91. Upon information and belief, Plaintiff alleges that Defendant, Teri-Lynne Johansson was not representing him to Ericsson and Sprint for jobs as agreed.

92. Plaintiff contacted Teri-Lynne Johansson manager at Brook, Inc., Gerry Wyse and requested a meeting.

93. Gerry Wyse refused to meet with Plaintiff.

94. Upon information and belief, Plaintiff alleges that on or about January 10, 2022,

9

Defendant, Teri-Lynne Johansson employment with Brook, Inc. was terminated, and her rights to submit job candidates to Ericsson was rescinded by Ericsson.

95. Upon reasonable information and belief, for at least five (5) years prior to the filing of this Complaint, Plaintiff alleges that Defendants, Fusion Solution and Fatima Abbas have willfully and intentionally failed to represent Plaintiff for jobs at Ericsson as agreed.

96. On or about September 17, 2021 , Plaintiff, Rufus Brooks enter into a "right to represent" agreement" with Defendants, , Fusion Solution and Fatima Abbas for a job with Ericsson. A copy of the agreement is attached as Exhibit "C".

97. Although the Defendants agreed to submit Plaintiff to Ericsson for the job, and represent Plaintiff to Ericsson for jobs with Ericsson for thirty days, they did not.

98. The defendants led Plaintiff to believe that they had submitted him for the job with Ericsson, legally blocking him from being submitted for the job by other staffing agencies.

99. Upon reasonable information and belief, Plaintiff alleges that, after receiving the "RTR" agreement from Plaintiff, Defendants, Fusion Solution, and Fatima Abbas did not submit Plaintiff to the job he had applied for with Ericsson.

100.   From 2016 until the present, Plaintiff, Rufus Brooks enter into 'right to represent agreements" with Defendants, Fusion Solution, and Fatima Abbas for jobs with Ericsson.

101.   Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, and Fatima Abbas failed to submit Plaintiff to jobs he had applied for with Ericsson for financial reasons.

102.   Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, and Fatima Abbas failed to submit Plaintiff to jobs he had applied for with Ericsson because of Plaintiffs race.

103.   Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, Fatima Abbas failed to submit Plaintiff to jobs he had applied for with Ericsson because of Plaintiffs age.

104.   Upon reasonable information and belief, for at least five(5) years prior to the filing of this Complaint, Plaintiff alleges that Defendants, eTeam, Inc. have willfully and intentionally failed to represent Plaintiff for jobs with Ericsson, T-Mobile and, Nokia

as agreed.

105.   On or about March, 22 2022, Plaintiff, Rufus Brooks enter into a 'right to represent agreement" with Defendants, eTeam for a position with Ericsson. A copy of the agreement is attached as Exhibit "D".

106.   Although the Defendant, eTeam agreed to submit Plaintiff to Ericsson for the job and represent Plaintiff to Ericsson for jobs with Ericsson for thirty days, they did not.

107.   From 2016 until the present, Plaintiff, Rufus Brooks enter into 'right to represent agreements" with Defendants, eTeam for jobs with Verizon, Ericsson, T-Mobile and Nokia.

108.   Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, eTeam failed to submit Plaintiff to jobs he had applied for with Verizon, Ericsson, T-Mobile and Nokia for financial reasons.

109.   Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, and eTeam failed to submit Plaintiff to jobs he had applied for with Verizon, Ericsson, T-Mobile and Nokia because of his race.

110.   Upon reasonable information and belief, for at least five(S) years prior to the filing of this Complaint, Plaintiff alleges that Defendants, SWI, Inc., Inc. have willfully and intentionally failed to represent Plaintiff for jobs with Ericsson, T-Mobile and, Nokia as agreed.

111.   On or about March, 22 2022, Plaintiff, Rufus Brooks enter into a 'right to represent agreement" with Defendant, SWI, Inc. for a job with Nokia. A copy of the agreement is attached as Exhibit "E".

112.   Although the Defendant, SWI, Inc. agreed to submit Plaintiff to Nokia for the job, they did not.

113.   Upon reasonable information and belief, Plaintiff alleges that, after receiving a "RTR" agreement from Plaintiff, Defendant, SWI, Inc. failed to submit Plaintiff to the job he had applied for with Nokia.

114.   From 2016 until the present, Plaintiff, Rufus Brooks enter into 'right to represent agreements" with Defendant, SWI, Inc. for jobs with Verizon, Ericsson, T-Mobile and Nokia.

115. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, SWI, Inc. failed to submit Plaintiff to jobs he had applied for with Verizon, Ericsson, T-Mobile and Nokia for financial reasons.

116. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, Defendant, SWI, Inc. failed to submit Plaintiff to jobs he had applied for with Verizon, Ericsson, T-Mobile and Nokia because of his race.

## COUNT I
### *(Breach of Contract)*

117. This is an action for breach of Contract which resulted in damages that exceed $75,000.00 exclusive of interest, attorney's fees and cost, against Defendants, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International.

118. Plaintiff incorporates and realleges paragraphs 1through 116 as if fully set forth here herein.

119. From 2018 until the present, Plaintiff, Rufus Brooks enter into "right to represent" agreements with Defendants, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International for jobs with Sprint and Ericsson.

120. The most recent agreements are attached as Exhibit "A", and Exhibit "B'.

121. Plaintiff gave the Defendants exclusive rights to represent him to Sprint and Ericsson for jobs with their organizations.

122. Plaintiffs paid consideration to Defendants by agreeing not to allow other agencies to submit him for those jobs.

123. The "right to represent" agreements were valid, binding and enforceable contracts between the parties.

124. Defendants breached the contracts by not representing and submitting Plaintiff for jobs at Sprint and Ericsson as agreed.

125. As a direct and proximate result of Defendant's' breach, Plaintiff has been harmed, and has suffered irreparable damages.

126.    As a direct and proximate result of the Defendants' misconduct, Plaintiff is
entitled to compensatory, special, and punitive damages in an amount to be
proven at trial.

## **COUNT** II
### *(Intentionally Breached of Contract)*

127.    Plaintiff incorporates and realleges paragraphs 1through 116 as if fully set forth herein.

128.    Plaintiff and Defendants entered into contracts.

129.    The Defendants,  Brook, Inc., Gerry Wyse, Teri-Lynne  Johansson, and
Labyrinth International knowingly, intentionally, willfully breached those contracts
by not representing Plaintiff for jobs as agreed.

130.    The Defendant's failure to represent Plaintiff for jobs as agreed was
unjustifiably, "and "rendered with a malicious purpose.

131.    For seven years the Defendants  lied and led Plaintiff to believe that they were
representing him for jobs with Ericsson and Sprint.

132.    The Defendant's knowingly, intentionally and unjustifiably enters into "right to
represent" agreements with Plaintiff under false pretense, which gave them control of his
job submissions to Ericsson and Sprint.

133.    The Defendants' conduct was committed knowingly, intentionally, willfully,
wantonly, maliciously, and attended by such malice, insult and abuse with the intent to
harm Plaintiff, or in blatant disregard of the substantial likelihood of causing him harm,
thereby entitling Plaintiff to an award of punitive damages.

134.    As a direct and proximate result of the Defendants' misconduct, Plaintiff is entitled
to compensatory, special, and punitive damages in an amount to be proven at trial.

## COUNT III
### *(Breach of Contract)*

135.    This is an action for breach of Contract which resulted in damages that exceed
$75000.00 exclusive of interest, attorney's fees and cost against Fatima Abbas,,
Fusion Solution, Inc.  SWI, Inc., and eTeam, Inc.

136.    Plaintiff incorporates and realleges paragraphs I through 116 as if fully set forth herein

137.   The most recent agreements are attached as Exhibit, "C", Exhibit, "D", and Exhibit "E".

138.   Plaintiff gave the Defendants exclusive rights to represent him to Sprint, Ericsson, Verizon, T- Mobile, and Sprint for jobs with their organizations.

139.   Plaintiffs paid consideration to the Defendants by agreeing not to allow other agencies to submit him for those jobs.

140.   The "right to represent" agreements were valid, binding, and enforceable contracts between the parties.

141.   The Defendants breached the contracts by not representing and submitting Plaintiff for jobs at Nokia, Sprint and Ericsson as agreed.

142.   As a direct and proximate result of Defendant's' breach, Plaintiff has been harmed and has suffered irreparable damages.

143.   As a direct and proximate result of the Defendants' misconduct, Plaintiff is entitled to compensatory, special, and punitive damages in an amount to be proven at trial.


## COUNT IV
### *(Intentionally Misrepresentation)*

144.   Plaintiff incorporates and realleges paragraphs 1 through 116 as if fully set forth herein.

145.   From 2018 until March, 2022, the Defendants, Fusion Solution, Fatima Abbas, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, Labyrinth International, SWI, Inc. and eTeam, Inc. solicited and encouraged Plaintiff to apply for jobs with Sprint, Ericsson, Verizon, T-Mobile and Nokia.

146.   From 2018 until March, 2022, Plaintiff, Rufus Brooks enter into "right to represent" agreements with Defendants, Fusion Solution, Fatima Abbas, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International, SWI, Inc., and eTeam, Inc. for jobs with Sprint, Ericsson, Verizon, T-Mobile and Nokia.

147.   Plaintiff gave the Defendants exclusive rights to represent him to Sprint, Ericsson, Verizon, T- Mobile, and Sprint for jobs with their organizations.

148.   Plaintiffs paid consideration to the Defendants by agreeing not to allow other agencies to submit him for those jobs.

14

149.   The "right to represent" agreements were a valid, binding and enforceable contract between the parties.

150.   The Defendants breached the contract by not representing and submitting Plaintiff for jobs at Sprint and Ericsson as agreed.

151.   The Defendants did not submit Plaintiff for jobs because the application window for those jobs had closed, or position had been filled, and, or, the jobs did not exist.

152.   The Defendants knew or should have known that the positions were filled or the job did not exist.

153.   The Defendants knew that Plaintiff was looking for a job and they solicited and encouraged him to apply for the jobs.

154.   Plaintiff agreed to give the Defendants the rights to represent him for the jobs because he believed that he was a good candidate for the job.

*155.*   The Defendants fraudulently misled Plaintiff.

156.   The Defendant solicited and encouraged Plaintiffs to apply for the jobs for the sole purpose or legally binding Plaintiff to their agencies.

157.   The Defendants knowingly and unjustifiably deprived Plaintiffs of job opportunities with other agencies.

158.   As a direct and proximate result of the Defendant's fraudulently misrepresentation, Plaintiff has been harmed and has suffered damages.

159.   The fraudulently misrepresentation by the Defendants of their promise to submit Plaintiff for jobs, were willful and/or grossly negligent, were attended by such malice, insult and abuse that it constituted an independent tort, thus entitling the Plaintiffs to recover punitive damages as well as actual damages.

## COUNT V
### *(Intentionally Fraudulent Misrepresentation)*

160.   Plaintiff incorporates and realleges paragraphs 1 through 116 as if fully set forth herein.

161.   From 2018 **until** March, 2022, the Defendants, Fusion Solution, Fatima Abbas, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International, SWI, Inc., and eTeam, Inc. solicited and encouraged Plaintiff to apply for jobs with Sprint, Ericsson, Verizon, T-Mobile and Nokia.

162.    From 2018 until March, 2022, Plaintiff, Rufus Brooks enter into "right to represent" agreements with Defendants, Fusion Solution, Fatima Abbas, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International, SWI, Inc., and eTeam, Inc. for jobs with Sprint, Ericsson, Verizon, T-Mobile and Nokia.

163.    Plaintiff gave the Defendants exclusive rights to represent him to Sprint, Ericsson, Verizon, T- Mobile, and Sprint for jobs with their organizations.

164.    Plaintiffs paid consideration to the Defendants by agreeing not to al low other agencies to submit him for those jobs.

165.    The "right to represent" agreements were a valid, binding and enforceable contract between the parties.

166.    The Defendants intentionally breached the contract by not representing and submitting Plaintiff for jobs at Nokia, T-Mobile, Sprint and Ericsson as agreed.

167.    The Defendants did not submit Plaintiff for jobs because the application window for those had closed, and, or, the job had been filled, or the jobs did not exist.

168.    The Defendants knew or should have known that the jobs were filled or the jobs did not exist.

169.    The Defendants knew that Plaintiff was looking for a job and they solicited and encouraged him to apply for the jobs

170.    Plaintiff agreed to give the Defendants the rights to represent him for the jobs because Plaintiff believed he was a good candidate for the jobs and he was desperate for a job.

171.    The Defendants intentionally fraudulently misled Plaintiff.

172.    The Defendant knowingly, intentionally and unjustifiably, solicited and encouraged Plaintiffs to apply for the jobs for the sole purpose or legally binding Plaintiff to their agencies.

173.    The Defendants knowingly, intentionally and unjustifiably deprived Plaintiffs of job opportunities with other agencies.

174.    As a direct and proximate result of the Defendant's intentionally fraudulently misrepresentation, Plaintiff has been harmed and has suffered damages.

175.    The Defendants' egregious conduct was committed knowingly, intentionally, willfully, wantonly and maliciously, with the intent to harm Plaintiff, or in blatant

16

disregard of the substantial likelihood of causing him harm, thereby entitling Plaintiff to an award of punitive damages.

176.    As a direct and proximate result of the Defendants' misconduct, Plaintiff is entitled to compensatory, special, and punitive damages in an amount to be proven at trial.

<u>COUNT VI</u>
(Intentional Infliction of Emotional Distress)

177.    Brooks re-alleges paragraphs 1 through 113 as if fully set forth herein.

178.    Defendants, Fusion Solution, Fatima Abbas, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International, SWI, Inc. and eTeam, Inc., intentionally or recklessly, inflicted emotional distress upon Plaintiff when they knew or should have known that emotional distress would result.

179.    The Defendants knew that the Plaintiff was vulnerable and desperate for a job

180.    The Defendants' egregious conduct was outrageous, as to go beyond all bounds of decency, regarded as odious, and utterly intolerable in a civilized community.

181.    The revilement the Defendants inflicted upon Brooks is explicit and egregious.

182.    The Defendants' conduct has caused and will continue to cause severe emotional distress, shame, embarrassment, and humiliation to Plaintiff.

183.    Plaintiff has not been able to find suitable employment since 2015.

184.    Combined, the defendants controlled ninety-nine percent (99%) of Plaintiffs job submissions to Nokia, T-Mobile, Sprint and Ericsson since 2015.

185.    The Defendants knew that the Plaintiff was black and in their minds, less marketable than the white candidates so they "played him like a drum".

186.    Defendant, Teri-Lynne Johansson conduct was atrocious.

187.    For seven years she lied to Plaintiff over and over again regarding her efforts to represent Plaintiff to organizations with job openings.

188.    Defendants, Teri-Lynne Johansson and Fatima Abbas absolutely knew that Ericsson was not going to hire Plaintiff for any jobs; Defendants, Teri-Lynne Johansson made sure of that, and Defendant, Fatima Abbas was aware of the action she had taken.

189.    Defendants' conduct were knowingly, intentionally, willfully, wantonly and

maliciously, with the intent to harm Plaintiff, or in blatant disregard of the substantial likelihood of causing him harm, thereby entitling Plaintiff to an award of punitive damages.

190.   As a direct and proximate result, Plaintiff is entitled to recover compensatory, special, and punitive damages in appropriate amounts to be proven at trial.

## COUNT VII
### (Tortious Interference with Prospective Economic Advantages

191.   Plaintiff incorporates and re-alleges paragraphs 1 through 116 as if fully set forth herein.

192.   This is an action for Tortious interference with an advantageous business relationship, which resulted in damages that exceed $75,000.00 exclusive of interest, attorney's fees and cost, against Defendants, Gerry Wyse, Teri-Lynne Johansson, and Fatima Abba.

193.   Defendant's, Gerry Wyse, Teri-Lynne Johansson, and Fatima Abbas' actions against the Plaintiff fits the definition of Tortious interference with an advantageous business relationship, which are (1) the existence of a business relationship not necessarily evidenced by an enforceable contract, (2) the knowledge of the relationship on the part of the defendant, (3) an intentional and unjustified interference with that relationship by the defendant, and (4) damage to the plaintiff.

194.   Based on the Defendants' own action and statements, there is clear and convincing evidence that the Defendants interference with Plaintiff's prospective advantageous business relationship with Brook Consultation, Inc. ,Labyrinth International and Fusion Solution , was "knowingly intentional and unjustified "deliberately misleading, "disparaging, and "rendered with a malicious purpose of denying Plaintiff employment with Brook Consulting, Inc. Labyrinth International and Fusion Solution's clients, T-Mobile, Ericsson and Sprint.

195.   The Defendants, had actual and imputed knowledge of Plaintiff's prospective economic business relationships with Brook Consulting, Inc. ,Labyrinth International and Fusion Solution.

196.   From 2018 until March, 2022, Defendants Teri-Lynne Johansson and Gerry Wyse knowingly, unjustifiably interfered with Plaintiff' prospective economic business relationships with Brook Consulting, Inc. and Labyrinth International by not submitting Plaintiff to contracting jobs with their client, Ericsson as agreed.

197.   From 2018 until March, 2022, Defendants Teri-Lynne Johansson and  Gerry Wyse knowingly, unjustifiably interfered with Brooks' prospective economic business relationships with Brook Consulting, Inc. and Labyrinth International by not submitting Plaintiff to contracting jobs with their client, Sprint as agreed.

198.   From 2018 until March, 2022, Defendants, Teri-Lynne Johansson and Gerry Wyse knowingly unjustifiably interfered with Plaintiffs' prospective economic business relationships with Brook Consulting, Inc. and Labyrinth International  by not submitting Plaintiff to contracting jobs with their client, T-Mobile as agreed.

199.   From 2018 until March, 2022 The Defendants Teri-Lynne Johansson and Gerry Wyse  knowingly, unjustifiably interfered with Plaintiffs' prospective business  relationships with Brook Consulting, Inc. and Labyrinth International by intentionally lying and falsely claiming to have submitted Plaintiff for jobs with their client, Ericsson when they knew they had not submitted him.

200.   From 2018 until March, 2022, Defendants, Teri-Lynne Johansson and Gerry Wyse knowingly, unjustifiably interfered with Plaintiffs' prospective economic business relationships with Brook Consulting, Inc. and Labyrinth International by intentionally lying and falsely claiming to have submitted Plaintiff for jobs with their client, T-Mobile when they knew they had not submitted him.

201.   From 2018 until March, 2022,  Defendants, Teri-Lynne Johansson and Gerry Wyse knowingly, unjustifiably interfered with Plaintiff's  prospective economic business relationships with Brook consulting, Inc. Labyrinth International and by intentionally lying and falsely claiming to have submitted Plaintiff for jobs with their client, Sprint when they knew they had not submitted him.

202.   From 2018 until March, 2022, Defendant, Fatima Abbas knowingly unjustifiably interfered with Plaintiffs' prospective economic business

relationships with Fusion Solution, Inc. by not submitting Plaintiff to contracting jobs with their client, Ericsson as agreed.

203.    From 2018 until March, 2022,  Defendant, Fatima Abbas knowingly, unjustifiably interfered with Plaintiff's  prospective economic business relationships with Fusion Solution, Inc.  by intentionally lying and falsely claiming to have submitted Plaintiff for jobs with their client, Sprint when she knew she had not submitted him.

204.    In her role as account manager at Brook consulting, Inc. and Labyrinth International, Defendant Teri-Lynne Johansson was responsible for submitting candidates' for jobs with Ericsson, T-Mobile and Sprint from 2018 to March 2022.

205.    In his role as Senior Manager at Brooks Consulting, Defendant, Gerry Wyse was Teri-Lynne Johansson's, manager and was responsible for managing Brooks Consulting's relationship with Sprint and Ericsson from 2018 to March, 2022.

206.    In her role as account manager at Fusion Solution, Inc., Defendant,  Fatima Abbas was responsible for submitting candidates' for jobs with Ericsson from 2018 to March 2022.

207.    As a direct and proximate result of Defendant's Gerry Wyse, Teri-Lynne Johansson, and Abbas Fatima actions, Plaintiff has suffered significant damages.

208.    The Defendants' conduct was committed knowingly, intentionally, willfully, wantonly and maliciously, with the intent to harm Brooks, or in blatant disregard of the substantial likelihood of causing him harm, thereby entitling Brooks to an award of punitive damages.

209.    As a direct and proximate result of the Defendants' misconduct, Brooks is entitled to compensatory, special, and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff, Rufus Lovell Brooks, demands judgment against Defendants, Fusion Solution, Fatima Abba, Brook, Inc., Gerry Wyse, Teri-Lynne Johansson, and Labyrinth International, SWI, Inc., and eTeam, Inc. as fol lows:

A. An award of, compensatory, punitive, special and other damages in appropriate amounts to be established at trial;

B. Such other and further relief as the Court deems just and appropriate to protect Plaintiffs rights and interests.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on Date: June 9, 2022

Rufus Lovell Brooks Acting pro se
14016 Myrtlewood Drive
Orlando, Florida 32832
E-mail: brooks.rufus@yahoo.com

,