IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

FILED
2022 JUN 29 AM 8:29
CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

RUFUS LOVELL BROOKS,

    Plaintiff

Vs.

Brooks Consultants, Inc.
Teri-Lynne Johansson as Account Director at Brook, Inc., as Operation Manager at Labyrinth, and in her individual capacity; Gerry Wyse, as COO of Brook, Inc. and in his individual capacity;

Labyrinth International, LLC,

Fusion Solution, Inc.

Fatima Abbas as VP of Fusion Solution, and, in her individual capacity,

SWI, Inc.,

eTeam, Inc.,

    Defendants

CASE NO: 6:22-cv-669-WWB-LHP

**JURY TRIAL DEMAND**

1

### PLAINTIFF'S OPPOSITION TO DEFENDANT, TERI-LYNNE JOHANSSON'S, MOTION TO DISMISS COUNTS I, II, IV, V, AND VI OF THE SECOND AMENDED COMPLAINT AS THEY PERTAIN TO HER

On April 6, 2022, Plaintiff, Rufus Lovell Brooks, appearing *pro se,* filed a complaint against Defendants Brooks Consultants, Inc., Teri-Lynne Johansson, Gerry Wyse, Labyrinth International, LLC, Fusion Solution, Inc., Fatima Abbas, SWI, Inc., and team, Inc.

On April 220, Plaintiff amended his complaint to correct defects regarding jurisdictional. On May 16, 2022, Defendant, Teri- Lynne Johansson filed a Motion to Dismiss Counts I, II, IV, V, and VI of the First Amended Complaint against her by Plaintiff.

On June 1, 2022 Plaintiff amended his Complaint, seeks to add additional claim of (Intentional Interference with Prospective Economic Advantages), as to Defendants, Teri- Lynne Johansson, Gerry Wyse, and Fatima.

**<u>Plaintiff, Rufus Lovell Brooks, hereby submits its opposition to Defendants' Motion to Dismiss the Complaint with Prejudice.</u>**

Plaintiff's Complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), and the Complaint sufficiently alleges Defendant, Teri- Lynne Johansson's role as a party to contracts with the Plaintiff. Accordingly, Defendants' motion should be denied.

1. Defendants move to dismiss the Plaintiff's Complaint for a Failure to State a Cause of Action. Defendant, in support of her Motion states: Plaintiff, in his six Count First Amended Complaint, alleges in six of those Counts that Defendant Johansson, in her individual capacity as an employee of named defendants Labyrinth International, Fusion Solutions, Inc., and Brooks Consultants, Inc., engaged in behavior that allegedly caused him damages. *First Amended Complaint,* ¶ 47. In particular, Plaintiff alleges that he was required to execute "right to represent" agreements with each of the

2

named corporate recruitment agencies, not with Defendant not with Defendant Johansson, thereby giving those named corporate recruitment agencies the exclusive right to represent him to carriers or general contractors for potential jobs, and that the defendants breached their obligations to him under those "right to represent" agreements. These claims against Defendant Johansson, however, are due to be dismissed because they fail to state a cause of action against her. . Count I (Breach of Contract) and Count II (Intentionally Breached of Contract) of the First Amended Complaint should be dismissed as they pertain to Defendant Johansson because she was not a party to the underlying contracts attached as Exhibit "A" and "B" to the First Amended Complaint, and because Count II fails to state an actionable claim under Florida law. Counts IV, V, VI, and VII of the First Amended Complaint should be dismissed as they pertain to Defendant Johansson because they fail to state an actionable claim under Florida law, and one or more are barred by the independent tort.

2. Defendant Johansson argued because she was not a party to the underlying contracts attached as Exhibit "A" and "B" to the First Amended Complaint, that the Court should ignore all but three of the paragraphs of the Complaint; paragraphs, 67, 69, and 120. Defendants' proposition that the Court should not consider the remaining paragraphs of the Complaint should be rejected outright. It is well established that "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss[.]" Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)); Magulta v. Samples, 375 F.3d 1269, 1274-75 (11th Cir. 2004) (when reviewing a motion to dismiss for failure to state a claim, courts should read the

complaint in its entirety); 5 Wright & Miller, Federal Practice and Procedure § 1286 (3d ed. 2004); 5B Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). The Court must consider the Complaint as a whole. Id. Consideration of the Complaint as a whole demonstrates that it meets the requirements established under the Federal Rules. "[A] complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937,1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct.at 1949 (citing Twombly, 550 U.S. at 556). Here, the Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirements. A review of the entire Complaint demonstrates that the Complaint in no way relies upon mere legal conclusions but contains a detailed factual account of Defendants' illegal practices which establish their liability for the violations of Plaintiff' contractual rights. Defendant, Teri-Lynne Johansson, confirmed to the Plaintiff that she had submitted him to over five hundred jobs with Ericsson and Sprint from 2018 until 2022. Each of those submittals was made by e-mail or verbal, and they were governed by a contract between the Defendant Teri-Lynne Johansson, her employers and Plaintiff. Defendant, Teri-Lynne Johansson managed the contracts between Plaintiff and her employers "has the authority and responsibility to prevent unlawful practices at Defendants, Brooks Consultants, Inc., and Labyrinth International, and has formulated, directed, controlled, or participated in the acts and practices of Defendants, Brooks Consultants, Inc., Labyrinth International". Federal

4

Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a) (2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d) (1) The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *accord Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement needs only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 512.

3. It is sufficient to say that the Defendant allegations are affirmative defenses which should be raised through an answer and not by motion to dismiss; see, F.S.A.; Hough v. Menses, Fla. 1957, 95 So.2d Godalls, Inc. v. Varn, Fla.App. 1958, 99 So.2d 887; Braz v. Professional Insurance Corporation, Fla.App.1958, 101 So.2d 594; and Banzhaf v. Parrish, Fla.App. 1959, 109 So.2d 892. The plaintiff should not have the burden of anticipating a defense and then overcoming it in his initial pleading. Akin v. City of Miami, Fla. 1953, 65 So. 2d 54, 37 A.L.R.2d 691 and Tuggle v. Maddox, Fla. 1952, 60 So. 2d 158. Furthermore the burden is on the defendant to prove her affirmative

5

defenses, which cannot be done in proceedings on a motion to dismiss.

**Conclusion.**

In short, Plaintiff's Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants fair notice of the charges against her and the grounds therefor. Discovery and arguments will add further detail later; in fact, much additional supporting factual material will be provided by Ericsson and Sprint. Additionally, the Plaintiff has sufficiently alleged harm. Accordingly, for the reasons set forth herein, the Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss the Complaint with Prejudice.

Dated: June 27, 2022					Respectfully submitted

Rufus Lovell Brooks, Acting pro se
14016 Myrtlewood Drive
Orlando, Florida 32832
E-mail: brooks.rufus@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of June, 2022, the foregoing Plaintiff Opposition to Defendant' Teri-Lynne Johansson Motion to Dismiss was filed and a copy was mailed to all parties and counsel of record via US mail, e-mail, and the Court's electronic system.

John B. Trawick PLLC
5101 N. 12th Avenue
Pensacola, FL 32504
Email: john@jbtrawicklaw.com

eTeam, Inc.
1001 Durham Avenue, Suite 201,
South Plainfield, NJ 0708,

6

Charles DinNuzio
Jackson Lewis P.C
390 N. Orange Ave
Suite 1285
Orlando, FL 32801

Labyrinth International, LLC c/o
Gabriel Callaghan--Registered
Agent 555 Republic Drive, Ste. 200
Plano, TX 75074

Paul J. Scheck
Shutts & Bowen
300 South Orange Ave
Ste 1600
Orlando, FL 32832