# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RUFUS LOVELL BROOKS,

      Plaintiff,

v.                                      Case No:  6:22-cv-669-WWB-LHP

BROOKS CONSULTANTS, INC.,
TERI-LYNNE JOHANSSON, GERRY
WYSE, LABYRINTH
INTERNATIONAL, LLC, FUSION
SOLUTION, INC., FATIMA ABBAS,
SWI, INC. and ETEAM, INC.,

      Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** AFFIDAVIT FOR ENTRY OF DEFAULT (Doc. No. 43)
>
> **FILED:** August 2, 2022
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On April 6 2022, Plaintiff Rufus Lovell Brooks ("Plaintiff"), proceeding *pro se*, filed a complaint alleging claims of breach of contract, fraudulent

misrepresentation, and intentional infliction of emotional distress against Defendants. Doc. No. 1. The operative pleading is Plaintiff's second amended complaint, filed on June 10, 2022, which alleges the same claims against the Defendants and adds a claim for tortious interference with prospective economic advantages. Doc. No. 29.

Defendants Fatima Abbas, Fusion Solution, Inc., Teri-Lynne Johansson, Brooks Consultants, Inc., Gerry Wyse, and SWI, Inc. have all answered and/or otherwise responded to the second amended complaint. Doc. Nos. 30-31, 33-34. However, despite counsel filing a notice of appearance on its behalf, *see* Doc. No. 46, Defendant ETEAM, Inc. has not responded. Accordingly, Plaintiff filed the present motion seeking the entry of Clerk's default against ETEAM, Inc. Doc. No. 43.

Federal Rule of Civil Procedure 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Before a Clerk's default can be entered against a defendant, however, the Court must determine that the defendant was properly served. *See, e.g., United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (citations omitted).

On review, the motion is deficient in several respects. First, the motion does not comply with Local Rule 3.01(a), as it does not contain a memorandum of law in support of the request. Second, Plaintiff has not demonstrated that service on Defendant, ETEAM, Inc. was proper. Plaintiff has not filed an affidavit of service demonstrating that ETEAM, Inc. was properly served. Instead, Plaintiff relies on his motion which states that ETEAM, Inc. was served through its employee Binal Panchal. Doc. No. 43, at ¶ 2(A). Next, Plaintiff states that a copy of the second amended complaint "was mailed to the defendant on June 13, 2022." Doc. No. 43, at ¶ 2(B). Plaintiff also states that, upon information and belief, ETEAM, Inc. is a New Jersey corporation with its principal place of business in Somerset, New Jersey. *Id.*, at ¶ 2(C). These representations are not sufficient to establish that service on Mr. Panchael via regular mail was sufficient to effect service on ETEAM, Inc. under governing law, nor has Plaintiff even identified which state's service rules would apply. Plaintiff has also failed to establish that he complied with Federal Rules of Civil Procedure 4(h) and 4(e).

Accordingly, Plaintiff's Affidavit for Entry of Default (Doc. No. 43) is **DENIED without prejudice**. Any renewed motion must establish, with citation to relevant legal authority and evidence in support, that service on Defendant, ETEAM, Inc., was proper under applicable law. Further, Plaintiff is cautioned that although he is proceeding *pro se* in this matter, *pro se* litigants are subject to the same

law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, and the Local Rules of this Court. The Court directs Plaintiff's attention to the Court's website at http://www.flmd.uscourts.gov, which provides helpful information in a section titled Proceeding Without a Lawyer.

**DONE** and **ORDERED** in Orlando, Florida on August 26, 2022.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties