## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| RUFUS LOVELL BROOKS, | ) | |
| | ) | |
| Pro Se Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 6:22-cv-00669-WWB-LHP |
| | ) | |
| BROOKS CONSULTANTS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER

Defendants FUSION SOLUTIONS, INC., FATIMA ABBAS, BROOK CONSUTLANTS, INC., TERI-LYNNE JOHANSSON, GERRY WYSE, SWI, INC., and ETEAM, INC. (collectively, "Defendants"), through their counsel and pursuant to Fed.R.Civ.P. 26(c)(1), move for a protective order precluding Plaintiff from seeking certain documents from third-party ERICSSON INC. ("Ericsson"). Defendants state as follows in support:

## BACKGROUND

1.     On August 22, 2022, Plaintiff[1] served on Defendants a Notice of Intent to Serve Subpoena on Ericsson – a nonparty. This included a Request for

---

[1] Plaintiff is a vexatious litigant who has filed over 10 pro se actions in state/federal court.

Production of Documents that included 55 requests.  *See* Exhibit A.

2.      Defendants timely objected to this Subpoena on September 1, 2022 and identified requests that were deficient because they were unduly burdensome, overbroad, or not otherwise relevant.

3.      Plaintiff responded that, despite the timely objections, it was "too late" to object because the process server already had the documents. Defendants requested that Plaintiff contact the process server as the subpoena had not yet been served. Plaintiff refused and proceeded with service. *See* Exhibits B and C.

<div align="center">

**MEMORANDUM OF LAW**

</div>

The Federal Rules provide, in part, that "[a] party . . . may move for a protective order."  Fed.R.Civ.P. 26(c)(1).  "[P]arties have standing to move for a protective order if a subpoena seeks irrelevant information," even as to nonparty subpoenas. *Grayson v. No Labels, Inc.*, 2021 U.S. Dist. LEXIS 257267, *11-12 (M.D. Fla. 2021) (citations omitted); *see Schwanke v. JB Med. Mgmt. Sols., Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 U.S. Dist. LEXIS 111231, at *7 (M.D. Fla. July 18, 2017) (Rule 26 "gives a party standing to challenge discovery requests, including nonparty subpoenas, if the requests seek information that is not relevant") (citing authority).

Defendants noted in their objection that Requests 1-4, 18-24 were overbroad and outside the scope and subject matter of this litigation as this is not a discrimination case; Requests 9, 14, 24, 30 and 41 were overbroad because they requested documents pertaining to staffing agencies ("Ampcus, Inc." and "Wireless Estimator") not parties to this litigation; Requests 25-30 were overbroad as they were unrelated to the claims or defenses in the case; and Requests 53-55 were overbroad as they requested documents relating to individuals not parties to this litigation.

Defendants file this motion to protect Ericsson from the undue burden and expense of responding to document requests that are totally unrelated to the claims (breach of contract) and defenses in the case.[2]  Plaintiff's subpoena is designed to strain Defendants' current business relationship with Ericsson by making Ericsson respond to a harassing and overly burdensome subpoena. Plaintiff's subpoena should be limited to seeking only non-privileged documents that relate to Plaintiff and his claims.

## **LOCAL RULE 3.01(g) CERTIFICATION**

On September 13, 2022, the undersigned conferred with Plaintiff in attempt to resolve this discovery dispute.  A resolution could not be reached, and Plaintiff opposes Defendants' request for relief set forth herein.

---

[2] Several Defendants have pending motions to dismiss that could potentially further reduce the relevant scope of discovery.

Defendants request this Court enter an order (i) GRANTING this motion, (ii) QUASHING the subpoena, and (iii) ENTERING a Protective Order that Plaintiff may only serve a subpoena seeking non-privileged documents that relate to Plaintiff.

DATED this 16th day of September, 2022.

Respectfully submitted,

| | |
|---|---|
| Shutts & Bowen, LLP | JACKSON LEWIS P.C. |
| 300 S. Orange Avenue, Suite 1600 | 390 North Orange Avenue, Suite 1285 |
| Orlando, FL 32801 | Orlando, Florida 32801 |
| Telephone:  (407) 835-6767 | Telephone:  (407) 246-8440 |
| Facsimile:    (407) 425-8316 | Facsimile:    (407) 246-8441 |
| | |
| By:    */s/ Paul J. Scheck* | By:    */s/ Alicia M. Chiu* |
| Paul J. Scheck | Alicia M. Chiu |
| Florida Bar No.: 028487 | Florida Bar No. 0058366 |
| pscheck@shutts.com | alicia.chiu@jacksonlewis.com |
| | |
| Reed Sebastian Arroyo | R. Charles DiNunzio, Jr. |
| Florida Bar No.: 1014893 | Florida Bar No. 1029108 |
| sarroyo@shutts.com | charles.dinunzio@jacksonlewis.com |
| | |
| Attorneys for Teri-Lynne Johansson | Attorneys for Fusion Solution, Inc. |
| | Fatima Abbas |

4

| | |
|---|---|
| Hamilton, Miller & Birthisel, LLP<br>150 Southeast Second Avenue<br>Suite 1200<br>Miami, Fl 33131-2332<br>Telephone:  (305) 379-3686<br>Facsimile:     (305) 379-3690<br><br><br>By:     */s/ Joshua D. Roth*<br>         Jennifer Miller Brooks<br>         Florida Bar No. 124656<br>         jmiller@hamiltonmillerlaw.com<br><br>         Joshua D. Roth<br>         Florida Bar No. 109243<br>         jroth@hamiltonmillerlaw.com<br><br>Attorneys for e-Team, Inc. | John B. Trawick PLLC<br>3298 Summit Blvd., Suite 5<br>Pensacola, FL 32503<br>Telephone:  (850) 476-0495<br><br><br><br>By:     */s/ John Bassett Trawick*<br>         John Bassett Trawick<br>         Florida Bar No. 67407<br>         john@jbtrawicklaw.com<br><br>Attorneys for Brook Consultants, Inc.,<br>Gerry Wyse and SWI, Inc. |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel-of-record and furnished by email to Mr. Rufus Lovell Brooks at Brooks.rufus@yahoo.com.

*/s/ Alicia M. Chiu*
Alicia M. Chiu

4858-0605-6755, v. 3

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:22-cv-00669-WW-LHP

RUFUS LOVELL BROOKS

           Plaintiff,

vs.

BROOK CONSULTANTS,  LLC, et, al

           Defendants.

_____/

### NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE that on August 31, 2022, Plaintiffs Rufus Lovell Brooks, acting pro se, will cause the attached subpoena (the "Subpoena") to be served via process server on the  Ericsson, Inc.'s **Registry agent,**  CAPITOL CORPORATE SERVICES, INC 1501 S MOPAC EXPY STE 220, AUSTIN, TX, 78746, USA

Respectfully submitted,

Date: <u>August 22<sup>th</sup>, 2022</u>

Rufus Lovell Brooks, *Acting Pro Se*
14016 Myrtlewood Drive
Orlando, FL 32832
Tel. 407.704.8123
E-mail: Brooks.rufus@yahoo.com

## CERTIFICATE OF SERVICE

I certify that, on this 22th day of  August, 2022, a copy hereof of Plaintiff Notice of Intent
to Serve Subpoena was served via e-mail and US mail to:


**John Bassett Trawick**
John B. Trawick PLLC
3298 Summit Blvd
Suite 5
Pensacola, FL 32503
850-476-0495
Email: john@jbtrawicklaw.com

**Paul J. Scheck**
Shutts & Bowen, LLP
Suite 1600
300 S Orange Ave.
Orlando, FL 32801
407/423-3200 Ext 6730
Fax: 407/425-8316
Email: pscheck@shutts.com


**Reed Sebastian Arroyo**
210 Duncan Trail
Longwood, FL 32779
407-967-7751
Email: SArroyo@shutts.com


**Alicia M. Chiu**
Jackson Lewis, PC
390 N Orange Ave, Ste 1285
Orlando, FL 32801
407/246-8405
Fax: 407/246-8441
Email: alicia.chiu@jacksonlewis.com


**Ronald Charles DiNunzio , Jr**
Jackson Lewis P.C.
390 N. Orange Avenue
Ste 1285
Orlando, FL 32801
407-246-8440
Email: charles.dinunzio@jacksonlewis.com

**Jennifer Patricia Brooks**
Hamilton Miller & Birthisel, LLP
150 SE 2nd Ave Ste 1200
Miami, FL 33131-1579

305/379-3686
Fax: 305/379-3690
Email: jmiller@hamiltonmillerlaw.com

**Joshua David Roth**
Quintairos, Prieto, Wood & Boyer, PA
255 S Orange Ave Ste 900
Orlando, FL 32801-3454
407-425-9566
Fax: 407-425-9596
Email: Roth.JoshuaDavid@gmail.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida ☑️

RUFUS LOVELL BROOKS

*Plaintiff*

v.

BROOK CONSULTANTS, INC. et al

*Defendant*

)
)
)
)
)
)

Civil Action No.   6:22-cv-669-WW-LHP

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Ericsson, Inc. Legal department

To:

*(Name of person to whom this subpoena is directed)*

☑️ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All of the documentys listed on the attached Request for Document Form.

| Place: 14016 Myrtlewood Drive Orlando, FL 32832 | Date and Time: 10/05/2022 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/19/22

CLERK OF COURT

*SManuel*

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Rufus Lovell Brooks acting pro se                        , who issues or requests this subpoena, are:
14016 Myrtlewood Drive  Orlando, FL 32832  brooks.rufus@yahoo.com  (407) 704-8123

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:22-cv-00669-WWB-LHP

RUFUS LOVELL BROOKS,

        Plaintiff,

Vs.

BROOK CONSULTANTS, LLC, et al

        Defendants.

_____/

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO ERICSSON, INC.**

Plaintiff RUFUS LOVELL BROOKS ("Plaintiff"), acting pro se, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 3.03, M.D. Fla. L.R., hereby requests that Ericsson, Inc., produce for inspection and copying all documents and information specified herein that are in Ericsson's possession, custody or control or in the possession, custody or control of Ericsson's agents or attorneys. Ericsson is requested to make such production within the time required by the Federal Rules of Civil Procedure, or such time as required by Court Order, at the home of Rufus Lovell Brooks, 14016 Myrtlewood Drive, Orlando, Florida 32832, or at such other place as may be agreed upon by counsel.

[Remainder of Page Intentionally Left Blank]

## DEFINITIONS

1.      The term "Brooks" shall refer to Plaintiff Rufus Lovell Brooks and any of his representatives, including, but not limited to, any of his employees, agents, or attorneys, and any other person acting for, on behalf of, or under the authority or control of, Rufus Lovell Brooks.

2.      The term "Plaintiff" means Rufus Lovell Brooks as defined herein.

3.      The term "Defendants," shall refer to Defendants, Subline Wireless, Inc., and Brook Consultants, LLC, and any officer, director, shareholder, employee, agent, or attorney for Subline Wireless, Inc., and Brook Consultants, LLC, and any other person acting for, on behalf of, or under the authority or control of Subline Wireless, Inc., and Brook Consultants, LLC.

4.      The term "person" means and includes any natural person, individual, proprietorship, association, limited liability company, joint venture, firm, partnership, corporation, estate, trust, receiver, syndicate, municipal corporation, party and/or any other form of business enterprise or legal entity, governmental body, group of natural persons or entity, including any employee or agent thereof.

5.      The term "document" means any medium upon which information  or intelligence can be recorded or retrieved, including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, electronic mail entries (e-mail), instant messages, text messages, social media messages or postings, bulletins, meetings or other communications, inter-office or intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets,  bulletins, printed

matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, including, without limitation, microfilm, photographs, charts, microfiche, videotape, recordings, voice messages, motion pictures, CD-ROM discs, DVD disks, usb drives, portable drives, or mechanical or electronic recordings or representations of any kind (including without limitation, tapes, cassettes, discs, digital recordings, and records). A draft or non-identical copy is a separate "document" within the meaning of this term.

6.   The term "all documents" means every document or group of documents as defined above, that are known to you, or that can be located or discovered by reasonably diligent efforts.

7.   The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, electronic mail, by social media mail or posting, personal delivery or otherwise.

8.   The term "Action" shall mean this instant action entitled *Rufus Lovell Brooks v. Brook Consultants, LLC,* Case No. 6:22-cv-00669-WWB-LHP.

9.   The words "refer to" or "relate to" shall mean: pertains to, pertaining to, contains, concerns, describes, embodies, mentions, constituting, supports, corroborates, demonstrates, provides, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

10.   A document "relates" or is "relating" to a given subject matter if it constitutes, contains, comprises, consists of, embodies, identifies, states, refers to, deals with, sets forth,

proposes, shows, evidences, discloses, describes, discusses, explains, summarizes, concerns, or otherwise addresses in any way the subject matter of the Re quest.

11.    The term "Complaint" means the Complaint filed by Plaintiff on or about April 6, 2022 in the Middle District of Florida, and any amendments made thereto.

12.    The term "Interrogatory" or "Interrogatories" means the interrogatories set forth in this First Set of Interrogatories to Ericsson, Inc., served contemporaneously herewith.

13.    The term "Request" or "Requests" means Plaintiff's First Request for Production of Documents to Ericsson, Inc.

14.    As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

15.    The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests any documents which might otherwise be construed to be outside their scope.

16.    "Copy" when used in reference to a document means any color or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of pressure sensitive paper, xerography, electronic or any other means of process.

17.    "Communication" and "communicate" shall mean any recordation, exchange or transfer of information, whether in writing, oral or other form, including, but not limited to, memoranda or notes to the file, telephone conversations, and meetings, letters, telegraphic and telex communications, and includes all information relating to all oral communications and "documents" (as hereinabove defined), whether or not such document, or information contained herein was transmitted by its author to any other person.

**INSTRUCTIONS**

1.     Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests.

2.     These Requests are directed to and cover all documents in Ericsson, Inc.'s possession, custody or control, or in the possession, custody, or control of Ericsson, Inc.'s representatives, including, but not limited to, any of his employees, agents, or attorneys, and any other person acting for, on behalf of, or under the authority or control of, Ericsson, Inc.

3.     When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

4.     You shall produce documents responsive to these Requests in such a manner that the source of the documents is easily ascertainable by Plaintiff.

5.     In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub file, if any, maintained within the file, and the present location of the file.

6.     If you withhold any documents that you are otherwise required to produce by these Requests, specifically identify each document by stating its date, author, recipients and the reason for withholding said document.

7.     If you object to identifying a document or oral communication on the ground of privilege or otherwise, state the following for each piece of information withheld in a privilege Log to be served and filed with the court in accordance with the applicable rules of civil procedure:

(a)     the type of document (i.e., correspondence, memorandum, etc.), or, if an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant;

(b)     the general subject matter of the document or oral communication;

(c)     the date of the document or when the oral communication was made;

(d)     the person(s) who authored the document or made the oral communication;

(e)     the person(s) who received the document or a copy or heard the oral communication;

(f)     the ground(s) for nonproduction; and the substance of the document or oral communication.

(g)     Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, these Requests are continuing in nature so as to require production of any and all documents which may be in your possession, custody or control between the date of service of this request and the date on which the above-captioned case is resolved, either by trial or otherwise'

## **TIME FRAME**

Unless otherwise specified within a specific request for production, the time frame for this First Request for Production shall be from January 1, 2015 to the present.

## <u>DOCUMENTS TO BE PRODUCED</u>

1. All documents related to training provided to your employees regarding the prevention of breach of employment contracts, discrimination/harassment, and/or retaliation, and complaint procedures, including the date they were issued.

2. All documents concerning your policy to prevent discrimination/retaliation, and Defendants utilization of such policy, including without limitation any documents concerning Defendants awareness of the policy and any documents concerning any training provided by you to your employees. Identify the author of each such document.

3. All documents related to your EEO-1 reporting from 2015 to the present.

4. All documents related to your written affirmative action program from 2015 to the present.

5. All documents relating to Plaintiff's applications for employment with you, including, but not limited to, documents that Plaintiff submitted and you received from Plaintiff in connection therewith, including, but not limited to, employment applications, résumés, references, correspondence, and documents describing Plaintiff's experience and qualifications.

6. All documents which relate or refer to any job applications submitted by Defendant's Brook Consultants, LLC on the behalf of Plaintiff to Ericsson, Inc.

7. All documents which relate or refer to any job applications submitted by Defendant's Subline Wireless, Inc. on the behalf of Plaintiff to Ericsson, Inc.

8. All documents which relate or refer to any job applications submitted by Labyrinth International, LLC on the behalf of Plaintiff to Ericsson, Inc.

9. All documents which relate or refer to any job applications submitted by Ampcus, Inc. on the behalf of Plaintiff to Ericsson, Inc.

10. All documents which relate or refer to any job applications submitted by Fusion Solution,

Inc. on the behalf of Plaintiff to Ericsson, Inc.

11. All documents which relate or refer to any job applications submitted by eTeam, Inc. on the on the behalf of Plaintiff to Ericsson, Inc.

12. All documents supporting Ericsson's belief that Plaintiff was not qualified for any of the employment positions at Ericsson that he was submitted to by Ericsson's staffing agency, Brook Consultants, LLC from in and around July 2015 through May 31, 2022.

13. All documents supporting Ericsson's belief that Plaintiff was not qualified for any of the employment positions at Ericsson that he was submitted to by Ericsson's staffing agency, Labyrinth International, LLC from in and around July 2015 through May 31, 2022.

14. All documents supporting Ericsson's belief that Plaintiff was not qualified for any of the employment positions at Ericsson that he was submitted to by Ericsson's staffing agency, Ampcus, Inc. from in and around July 2015 through July 31, 2022.

15. All documents supporting Ericsson's belief that Plaintiff was not qualified for any of the employment positions at Ericsson that he was submitted to by Ericsson's staffing agency, Fusion Solution, Inc., Inc. from in and around July 2015 through May 31, 2022.

16. All documents supporting Ericsson's belief that Plaintiff was not qualified for any of the employment positions at Ericsson that he was submitted to by Ericsson's staffing agency, Subline Wireless, Inc. from in and around July 2015 through May 31, 2022.

17. All documents supporting Ericsson's belief that Plaintiff was not qualified for any of the employment positions at Ericsson that he was submitted to by Ericsson's staffing agency, team, Inc. from in and around July 2015 through May 31, 2022.

18. All documents relating to and supporting the qualifications of the of the individuals hired for positions with Ericsson, Inc., that were positions that the Plaintiff had applied for or submitted to, including, but not limited to, employment applications, résumés, references, correspondence, and

documents describing their experience, qualifications, and the staffing agency that submitted them.

19. All documents relating to the race, gender and age of all contracted employees hired by Ericsson through its staffing agency, eTeam, Inc. from 2015 to the present including, but not limited to, employment applications, résumés, references, correspondence, and documents describing their experience, qualifications.

20. All documents relating to the race, gender and age of all contracted employees hired by Ericsson through its staffing agency, Fusion Solution Inc. from 2015 to the present including, but not limited to, employment applications, résumés, references, correspondence, and documents describing their experience, qualifications.

21. All documents relating to the race, gender and age of all contracted employees hired by Ericsson through its staffing agency, Labyrinth International, LLC, from 2015 to the present including, but not limited to, employment applications, résumés, references, correspondence, and documents describing their experience, qualifications.

22. All documents relating to the race, gender and age of all contracted employees hired by Ericsson through its staffing agency, Subline Wireless, Inc. from 2015 to the present including, but not limited to, employment applications, résumés, references, correspondence, and documents describing their experience, qualifications.

23. All documents relating to the race, gender and age of all contracted employees hired by Ericsson through its staffing agency, Brook Consultants, LLC from 2015 to the present including, but not limited to, employment applications, résumés, references, correspondence, and documents describing their experience, qualifications.

24. All documents relating to the race, gender and age of all contracted employees hired by Ericsson through its staffing agency, Ampcus, Inc. from 2015 to the present including, but

not limited to, employment applications, résumés, references, correspondence, and documents describing their experience, qualifications.

25. All documents which relate or refer to any staffing agreements between eTeam and Ericsson, Inc.

26. All documents which relate or refer to any staffing agreements between Fusion Solution, Inc. and Ericsson, Inc.

27. All documents which relate or refer to any staffing agreements between Labyrinth International, LLC and Ericsson, Inc.

28. All documents which relate or refer to any staffing agreements between Brook Consultants, LLC and Ericsson, Inc.

29. All documents which relate or refer to any staffing agreements between Subline Wireless, Inc.and Ericsson, Inc.

30. All documents which relate or refer to any staffing agreements between Ampcus, Inc. and Ericsson, Inc.

31. All diaries, notes, records, memoranda, and records of telephone or other conversations that Ericsson prepared, maintained or kept, or participated in preparing, maintaining or keeping, regarding Plaintiff's applications for employment with all of your staffing agencies...

32. All documents, correspondence and communications between Plaintiffs and any current or former director, officer, agent, or employee of Ericsson, Inc.

33. Produce all documents concerning any investigation made by Ericsson in response to Plaintiff's allegations of breach of contracts. Identify the author of each such document.

34. All diaries, calendars, journals, daily, weekly, or monthly planners, appointment books, notes or notebooks, or similar documents maintained by Ericsson from January 1, 2015 to the present that are related to Plaintiff and Plaintiff's Complaint.

35. All documents, correspondence, communications, including emails and other electronically stored information, between Ericsson's employees and Gerry Wyse, regarding Plaintiff's applications for employment with Ericsson and, or any of the allegations contained in Plaintiff's Complaint.

36. All documents, correspondence, communications, including emails and other electronically stored information, between Ericsson's employee and Teri-Lynne Johansson regarding Plaintiff's applications for employment with Ericsson and, or any of the allegations contained in Plaintiff's Complaint.

37. All documents, correspondence, communications, including emails and other electronically stored information, between Ericsson's employees and Brook Consultants, LLC current or former employees regarding Plaintiff's applications for employment with Ericsson and, or any of the allegations contained in Plaintiff's Complaint.

38. All documents, correspondence, communications, including emails and other electronically stored information, between Ericsson's employees and Fusion Solution' employees regarding Plaintiff's applications for employment with Ericsson and, or any of the allegations contained in Plaintiff's Complaint.

39. All documents, correspondence, communications, including emails and other electronically stored information, between Ericsson's employee and Fatima Abbas regarding Plaintiff's applications for employment with Ericsson and, or any of the allegations contained in Plaintiff's Complaint.

40. All documents, correspondence, communications, including emails and other electronically stored information, between Ericsson's employee and Craig Lekutis regarding Plaintiff's applications for employment with Ericsson and, or any of the allegations contained in Plaintiff's Complaint.

41. All documents, correspondence, communications, including emails and other electronically stored information, between Ericsson's employee and Wireless Estimator's employees  regarding Plaintiff's applications for employment with Ericsson and, or any of the allegations contained in Plaintiff's Complaint.

42. All documents, correspondence, communications, including emails and other electronically stored information, between Ericsson's employee and Subline Wireless, Inc.'s' employees  regarding Plaintiff's applications for employment with Ericsson and, or any of the allegations contained in Plaintiff's Complaint.

43. All documents, correspondence, communications, including emails and other electronically stored information, between Ericsson's employee and eTeam Inc.s' employees  regarding Plaintiff's applications for employment with Ericsson and, or any of the allegations contained in Plaintiff's Complaint.

44. All documents, correspondence, communications, including emails and other electronically stored information, between Ericsson's employee and Labyrinth International, LLC  employees regarding Plaintiff's applications for employment with Ericsson, or any of the allegations contained in Plaintiff's Complaint.

45. All documents, correspondence, communications, including emails and other electronically stored information, between former Brook Consultants, LLC employee, Teri-Lynn Johansson and Ericsson, Inc., Ericsson Sourcing Managers, current and former Ericsson's employees, Scott Blankenship, Brook Matthews, Brett Good heart,  Johnathan Urban, Martin Davidson, Ronnie Jackson, and Tom Wiseman, regarding Plaintiff's applications for employment with Ericsson or any of the allegations contained in Plaintiff's Complaint.

46. Copies of all statements (written, recorded, sworn or otherwise), provided by Ericsson to anyone, or to Ericsson from anyone, relating to the subject matter of this Action.

47. All documents that Ericsson provided to or received from any government or administrative

    agency (federal, state, or local), including, but not limited to, the U.S. Department of Labor,

    U.S. Occupational Safety and Health Administration, the Equal Employment Opportunity

    Commission, the Florida Commission on Human Relations, the Florida Agency for

    Workforce Innovation, the Florida Division of Workers' Compensation, Department of

    Health and/or the Department of Corrections, which relate to the subject matter of this

    Action.

48. All documents that support any of Defendant's Brook Consultants, LLC and Subline

    Wireless, Inc.  Affirmative Defenses listed in Defendant's Answer.

49. All documents which relate or refer to any agreements between Ericsson and any third

    parties hired by Ericsson, concerning Plaintiff and Defendant' Brook Consultants, LLC and

    Subline Wireless, Inc.  or the subject matter of this action.

50. All magazine articles, newspaper articles, newsletters, press releases or periodicals in

    Ericsson  or Ericsson's  agent's or representative's custody, control or possession,

    concerning Plaintiff,  Brook Consultants, LLC,  Subline Wireless, Inc. and Ericsson or the

    subject matter of this action.

51. All documents, including, but not limited to, correspondence, memoranda, notes, video,

    digital, electronic, or audio recordings, transcriptions, written statements, social media

    communication or post, or other reductions to writing, of interviews, emails or conversations

    with Plaintiff and any present or former agent or employee of  Brook Consultants, LLC and

    Subline Wireless, Inc. concerning Plaintiff's application for employment with Ericsson  or

    the subject matter of this Action.

52. Any report or other documents that Ericsson provided to a private investigator and that relate or refer

    to this action.

53. All documents which relate or refer to all claims, lawsuits, administrative charges, and complaint filed against Ericsson; rely on any of the same factual allegations or claims at issue in the present lawsuit not limited to, any charge of breach of contracts or discrimination filed by Plaintiff against Defendants Brook Consultants, LLC, Subline Wireless, Inc.

54. All documents that relate or refer to any charge of breached of contract and, or discrimination filed against Ericsson, including lawsuit but not limited to, any charges of filed by Plaintiff against Defendant Defendants Brook Consultants, LLC,  Subline Wireless.

55. Copies of all pleadings, deposition, or any other relevant papers that refer or relate to all lawsuits, grievances, administrative actions, or other claims filed against you, by you, in your name, or on your behalf under federal, state, or local law; by any applicant, current or former employee other than Plaintiff.

Dated this 22th day of August, 2022.

Respectfully submitted,

By: Rufus Lovell Brooks
Acting Pro Se
14016 Myrtlewood Drive
Orlando, FL 32832
Telephone: (407) 704-8123
E-mail: brooks.rufus@yahoo.com

# EXHIBIT B

| | |
|---|---|
| **From:** | Rufus Brooks <brooks.rufus@yahoo.com> |
| **Sent:** | Friday, September 2, 2022 8:46 AM |
| **To:** | Chiu, Alicia M. (Orlando) |
| **Cc:** | Roth.JoshuaDavid@gmail.com; jmiller@hamiltonmillerlaw.com; DiNunzio, R. Charles (Orlando); Paul Scheck; John Trawick; Lisa Harris; Trelles, Jorge A. (Orlando); Rebecca Richardson; Michele L. Johnson; Sara J. Ferguson |
| **Subject:** | Re: RFP to Ericsson |

[EXTERNAL SENDER]

Ms. Chiu,

That's not the way the Court's process work. You guys are all experience attorneys, and you know or should know the rules. I can be available to discuss the rules/process with you if you which, please let me know.

Thank you,

Rufus Brooks

On Friday, September 2, 2022 at 07:57:36 AM EDT, Chiu, Alicia M. (Orlando) <alicia.chiu@jacksonlewis.com> wrote:

Good Morning, Mr. Brooks,

The subpoena has not yet been served, please tell your process server not to serve the subpoena as there are objections.

Alicia

M.

Chiu

Attorney at Law

Jackson Lewis P.C.

390 N. Orange Avenue
Suite 1285

Orlando, FL 32801

Direct: (407) 246-8405 | Main: (407) 246-8440 | Mobile: (407) 453-0829

Alicia.Chiu@jacksonlewis.com  |  www.jacksonlewis.com

_____

From: Rufus Brooks <brooks.rufus@yahoo.com>
Sent: Thursday, September 1, 2022 9:08:37 AM
To: Chiu, Alicia M. (Orlando) <Alicia.Chiu@jacksonlewis.com>
Cc: Roth.JoshuaDavid@gmail.com <roth.joshuadavid@gmail.com>; jmiller@hamiltonmillerlaw.com

2

&lt;jmiller@hamiltonmillerlaw.com&gt;; DiNunzio, R. Charles (Orlando) &lt;Charles.DiNunzio@jacksonlewis.com&gt;; Paul Scheck &lt;pscheck@shutts.com&gt;; John Trawick &lt;john@jbtrawicklaw.com&gt;; Lisa Harris &lt;lisa@jbtrawicklaw.com&gt;; Trelles, Jorge A. (Orlando) &lt;Jorge.Trelles@jacksonlewis.com&gt;; Rebecca Richardson &lt;rebecca.richardson@ericsson.com&gt;; Michele L. Johnson &lt;mljohnson@shutts.com&gt;; Sara J. Ferguson &lt;sferguson@shutts.com&gt;
Subject: Re: RFP to Ericsson

[EXTERNAL SENDER]

Ms. Chiu

You guys are too late with your objections; the process services have the documents, and they are in the process of serving them.

Thank you,

Rufus Brooks

On Thursday, September 1, 2022 at 08:43:21 AM EDT, Chiu, Alicia M. (Orlando) &lt;alicia.chiu@jacksonlewis.com&gt; wrote:

Mr. Brooks,

Defendants Brook Consultants, Inc., Teri-Lynne Johansson, Gerry Wyse, SEI, Inc., Fusion Solutions, Inc. and Fatima Abbas collectively object to your intent to serve a subpoena on Ericsson on the grounds that the requests for production are substantially overbroad.  They will need to be substantially limited in scope in order for us to withdraw our objections.  Specifically, the following requests are overbroad:  1-4, 9 & 14 & 24 & 30 (as Ampcus is not a party to the suit), 18-24 (as overbroad in scope and subject matter, as this is not a discrimination case), 45-47 to the extent any of those documents are subject to claims of privilege, and 53-55 as overbroad in time and scope as they pertain to individuals outside of this action.

Alicia

M.

Chiu

Attorney at Law

Jackson Lewis P.C.

390 N. Orange Avenue
Suite 1285

Orlando, FL 32801

Direct: (407) 246-8405 | Main: (407) 246-8440 | Mobile: (407) 453-0829

Alicia.Chiu@jacksonlewis.com   |   www.jacksonlewis.com

From: Rufus Brooks <brooks.rufus@yahoo.com>
Sent: Monday, August 22, 2022 4:06 PM
To: Roth.JoshuaDavid@gmail.com; jmiller@hamiltonmillerlaw.com; DiNunzio, R. Charles (Orlando)
<Charles.DiNunzio@jacksonlewis.com>; Paul Scheck <pscheck@shutts.com>; John Trawick <john@jbtrawicklaw.com>;
Chiu, Alicia M. (Orlando) <Alicia.Chiu@jacksonlewis.com>; Lisa Harris <lisa@jbtrawicklaw.com>; Trelles, Jorge A.
(Orlando) <Jorge.Trelles@jacksonlewis.com>; Rebecca Richardson <rebecca.richardson@ericsson.com>; Michele L.
Johnson <mljohnson@shutts.com>; Sara J. Ferguson <sferguson@shutts.com>
Subject: RFP to Ericsson

[EXTERNAL SENDER]

John,

Attached is my "notice of intent".

Thank you,

Rufus Brooks

# EXHIBIT C

| | |
|---|---|
| **From:** | Chiu, Alicia M. (Orlando) |
| **Sent:** | Tuesday, September 13, 2022 10:52 AM |
| **To:** | Rufus Brooks |
| **Cc:** | DiNunzio, R. Charles (Orlando); John Trawick; Paul Scheck; Lisa Harris; Trelles, Jorge A. (Orlando); Sara J. Ferguson; Michele L. Johnson; Reed Sebastian Arroyo; roth.joshuadavid@gmail.com; jroth@hamiltonmillerlaw.com |
| **Subject:** | RE: Notice of intent |

Good Morning, Mr. Brooks,

I hope you're having a great day.

In preparation for our meet and confer this afternoon, I wanted to circle back regarding the specific requests that we are objecting to as it relates to the subpoena that was issued to Ericsson: 1-4 (overbroad in scope and subject matter, as this is not a discrimination case), 9, & 14 & 24 & 30 (as Ampcus is not a party to the suit), 18-24 (as overbroad in scope and subject matter, as this is not a discrimination case), 25-30 (overbroad in scope as this has nothing to do with claims and defenses in case), 41 (as Wireless Estimator is not a party to the suit), and 53-55 as overbroad in time and scope as they pertain to individuals outside of this action.

We have similar objections as it relates to the proposed subpoena to Sprint. Essentially, the requests need to be limited so that they only request documents that pertain to you.

We look forward to speaking with you about these issues later today.

Thanks,

Alicia

**From:** Chiu, Alicia M. (Orlando) <Alicia.Chiu@jacksonlewis.com>
**Sent:** Friday, September 9, 2022 1:10 PM
**To:** Rufus Brooks <brooks.rufus@yahoo.com>
**Cc:** DiNunzio, R. Charles (Orlando) <Charles.DiNunzio@jacksonlewis.com>; John Trawick <john@jbtrawicklaw.com>; Paul Scheck <pscheck@shutts.com>; Lisa Harris <lisa@jbtrawicklaw.com>; Trelles, Jorge A. (Orlando) <Jorge.Trelles@jacksonlewis.com>; Sara J. Ferguson <sferguson@shutts.com>; Michele L. Johnson <mljohnson@shutts.com>; Reed Sebastian Arroyo <sarroyo@shutts.com>; roth.joshuadavid@gmail.com
**Subject:** RE: Notice of intent

I only represent Fusion and Fatima Abbas.



**Alicia M. Chiu**
Attorney at Law

**Jackson Lewis P.C.**
390 N. Orange Avenue
Suite 1285
Orlando, FL 32801

1

Direct: (407) 246-8405 | Main: (407) 246-8440 | Mobile: (407) 453-0829
Alicia.Chiu@jacksonlewis.com | www.jacksonlewis.com

**From:** Rufus Brooks <brooks.rufus@yahoo.com>
**Sent:** Friday, September 9, 2022 1:09 PM
**To:** Chiu, Alicia M. (Orlando) <Alicia.Chiu@jacksonlewis.com>
**Cc:** DiNunzio, R. Charles (Orlando) <Charles.DiNunzio@jacksonlewis.com>; John Trawick <john@jbtrawicklaw.com>; Paul Scheck <pscheck@shutts.com>; Lisa Harris <lisa@jbtrawicklaw.com>; Trelles, Jorge A. (Orlando) <Jorge.Trelles@jacksonlewis.com>; Sara J. Ferguson <sferguson@shutts.com>; Michele L. Johnson <mljohnson@shutts.com>; Reed Sebastian Arroyo <sarroyo@shutts.com>; roth.joshuadavid@gmail.com
**Subject:** Re: Notice of intent

**[EXTERNAL SENDER]**

Are you representing all of the defendants including eTeam? To save time, send me the RFP number that you object to and why you object.

On Friday, September 9, 2022 at 12:10:32 PM EDT, Chiu, Alicia M. (Orlando) <alicia.chiu@jacksonlewis.com> wrote:

Good Morning, Mr. Brooks,

As you know, Defendants objected to your notice of intent to serve a subpoena on Ericsson on grounds the subpoena was overbroad and unduly burdensome.  The requests need to be limited so that they only request documents that pertain to you.  The defendants intend to file a motion for protective order unless you agree to substantially limit the scope of documents being sought in the subpoena.  The purpose of the Tuesday meeting is to meet and confer to discuss the substance of our objections.  If we are unable to reach an agreement then defendants will file a motion for protective order as it relates to the subpoena served on Ericsson.

Alicia

M.

Chiu


Attorney at Law


Jackson Lewis P.C.


390 N. Orange Avenue
Suite 1285


Orlando, FL 32801


Direct: (407) 246-8405 | Main: (407) 246-8440 | Mobile: (407) 453-0829


Alicia.Chiu@jacksonlewis.com | www.jacksonlewis.com


From: Rufus Brooks <brooks.rufus@yahoo.com>
Sent: Friday, September 9, 2022 11:00 AM
To: Chiu, Alicia M. (Orlando) <Alicia.Chiu@jacksonlewis.com>
Cc: DiNunzio, R. Charles (Orlando) <Charles.DiNunzio@jacksonlewis.com>; John Trawick <john@jbtrawicklaw.com>; Paul
Scheck <pscheck@shutts.com>; Lisa Harris <lisa@jbtrawicklaw.com>; Trelles, Jorge A. (Orlando)
<Jorge.Trelles@jacksonlewis.com>; Sara J. Ferguson <sferguson@shutts.com>; Michele L. Johnson
<mljohnson@shutts.com>; Reed Sebastian Arroyo <sarroyo@shutts.com>
Subject: Re: Notice of intent

[EXTERNAL SENDER]

Good morning, Ms. Chiu,

I am available at that time. I want to know whether you are going to file a Motion and if this meeting is to meet the " meet and confer" requirements. If so, I would like a copy of your Motion prior to the meeting on Tues.

Thank you,

Mr. Rufus Brooks

On Friday, September 9, 2022 at 10:47:07 AM EDT, Chiu, Alicia M. (Orlando) <alicia.chiu@jacksonlewis.com> wrote:

Good Morning,

Paul Scheck, John Trawick and I are available for a meet and confer on Tuesday at 3PM EST.  Let me know if this time works on your end.

During that time, we will meet and confer to discuss your proposed subpoena to Sprint, as well as the subpoena you served on Ericsson and whether you will agree to limit the scope of those subpoenas.

Thanks,

Alicia

4

Alicia

M.

Chiu


Attorney at Law


Jackson Lewis P.C.


390 N. Orange Avenue
Suite 1285


Orlando, FL 32801


Direct: (407) 246-8405 | Main: (407) 246-8440 | Mobile: (407) 453-0829


Alicia.Chiu@jacksonlewis.com   |   www.jacksonlewis.com


From: Rufus Brooks <brooks.rufus@yahoo.com>
Sent: Thursday, September 8, 2022 4:07 PM
To: Chiu, Alicia M. (Orlando) <Alicia.Chiu@jacksonlewis.com>
Cc: DiNunzio, R. Charles (Orlando) <Charles.DiNunzio@jacksonlewis.com>; John Trawick <john@jbtrawicklaw.com>; Paul
Scheck <pscheck@shutts.com>; Lisa Harris <lisa@jbtrawicklaw.com>; Trelles, Jorge A. (Orlando)
<Jorge.Trelles@jacksonlewis.com>; Sara J. Ferguson <sferguson@shutts.com>; Michele L. Johnson
<mljohnson@shutts.com>; Reed Sebastian Arroyo <sarroyo@shutts.com>
Subject: Re: Notice of intent

5

[EXTERNAL SENDER]

Ms. Chiu

Please let me know when you want to have a Motion meeting as required by the Court's rules.

Thank You,

Mr. Rufus Brooks

On Thursday, September 8, 2022 at 03:58:35 PM EDT, Chiu, Alicia M. (Orlando) <alicia.chiu@jacksonlewis.com> wrote:

Good Afternoon, Mr. Brooks,

Defendants Brook Consultants, Inc., Teri-Lynne Johansson, Gerry Wyse, SWI, Inc., Fusion Solutions, Inc. and Fatima Abbas collectively object to your intent to serve a subpoena on Sprint/T-Mobile on the grounds that the requests for production are grossly overbroad. They will need to be substantially limited in scope in order for us to withdraw our objections.

Alicia

M.

Chiu

Attorney at Law


Jackson Lewis P.C.


390 N. Orange Avenue
Suite 1285


Orlando, FL 32801


Direct: (407) 246-8405 | Main: (407) 246-8440 | Mobile: (407) 453-0829


Alicia.Chiu@jacksonlewis.com  |  www.jacksonlewis.com




-----Original Message-----

From: Rufus Brooks <brooks.rufus@yahoo.com>
Sent: Wednesday, September 7, 2022 2:20 PM
To: DiNunzio, R. Charles (Orlando) <Charles.DiNunzio@jacksonlewis.com>; John Trawick <john@jbtrawicklaw.com>;
Paul Scheck <pscheck@shutts.com>; Lisa Harris <lisa@jbtrawicklaw.com>; Chiu, Alicia M. (Orlando)
<Alicia.Chiu@jacksonlewis.com>; Trelles, Jorge A. (Orlando) <Jorge.Trelles@jacksonlewis.com>; Sara J. Ferguson
<sferguson@shutts.com>; Michele L. Johnson <mljohnson@shutts.com>; Reed Sebastian Arroyo <sarroyo@shutts.com>
Subject: Notice of intent

[EXTERNAL SENDER]

Attached is a Notice to serve a subpoena for documents from Sprint/T-Mobile.


Thank you,

Mr. Rufus Brooks