## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| **RUFUS LOVELL BROOKS,** ) | |
| ) | |
| **Pro Se Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO. 6:22-cv-00669-WWB-LHP** |
| ) | |
| **BROOKS CONSULTANTS, INC.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants FUSION SOLUTIONS, INC., FATIMA ABBAS, BROOK CONSUTLANTS, INC., TERI-LYNNE JOHANSSON, GERRY WYSE, SWI, INC., and ETEAM, INC. (collectively, "Defendants"), through their counsel and pursuant to Fed.R.Civ.P. 26(c)(1), move for a protective order precluding Plaintiff from seeking certain documents from third-party SAP FIELDGLASS. ("Fieldglass"). Defendants state the following in support:

### BACKGROUND

1.      On November 3, 2022, Plaintiff served on Defendants a Notice of Intent to Serve Subpoena on SAP Fieldglass – a nonparty. *See* Exhibit A.

2.     Defendants timely objected to this Subpoena on November 9, 2022, asserting that the Requests were unduly burdensome, overbroad, or not otherwise relevant.

3.     The parties met and conferred regarding the objections on November 10, 2022 but reached no agreement as to the scope of discovery.  *See* Exhibit B.

## MEMORANDUM OF LAW

Rule 26 "gives a party standing to challenge discovery requests, including nonparty subpoenas, if the requests seek information that is not relevant." *Schwanke v. JB Med. Mgmt. Sols., Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 U.S. Dist. LEXIS 111231, 2017 WL 3034039, at *7 (M.D. Fla. July 18, 2017) (citing authority).

Defendants noted during their meet and confer that Requests 2-12 were overbroad and outside the scope and subject matter of this litigation because they sought various documents submitted through Fieldglass by various telecommunications companies' "staffing suppliers," without any attempt to define which staffing suppliers were included in the Requests. Defendants explained that, as written, these Requests could include documents from companies wholly unrelated to the claims or defenses in this litigation, and that Defendants viewed the Requests as not in line with the Magistrate Judge's previous order limiting the scope of Plaintiff's nonparty subpoena requests.

Defendants stated they were unopposed to the Requests if Plaintiff explicitly named the staffing suppliers who are parties to this case (i.e. Defendants). Plaintiff refused to limit the Requests in such a manner.[1]

Defendants file this motion to protect Fieldglass from the undue burden and expense of responding to document Requests that are totally unrelated to the claims (i.e. breach of contract) and defenses in the case.[2]  Plaintiff's subpoena is designed to strain Defendants' current business relationship with Fieldglass by making Fieldglass respond to a harassing and overly burdensome subpoena. Plaintiff's subpoena should be limited to seeking only non-privileged documents that relate to Plaintiff and his claims in this case.

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned certifies that on November 10, 2022, the undersigned conferred with Plaintiff in attempt to resolve the discovery dispute at issue.  A resolution could not be reached, and Plaintiff opposes Defendants' request for relief set forth herein.

Defendants request this Court enter an order (i) GRANTING this motion; (ii) ENTERING a Protective Order that Plaintiff may only serve a subpoena

---

[1] Plaintiff suggested in writing and at the meet and confer that Defendants were objecting solely for purposes of unreasonable delay. To the contrary, Defendants have engaged with Plaintiff in a timely manner and bring forth only good-faith objections.

[2] On November 7, the Magistrate Judge issued three separate Reports and Recommendations pertaining to Defendants which, if adopted by the Court, would drastically reduce the scope of this litigation to focus on the breach of contract claims.

seeking non-privileged documents that relate to named Defendants; and (iii) awarding attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5).

DATED this 15th day of November, 2022.

Respectfully submitted,

Shutts & Bowen, LLP
300 S. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone:   (407) 835-6767
Facsimile:     (407) 425-8316

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:     (407) 246-8441

By:   */s/ Paul J. Scheck*
     Paul J. Scheck
     Florida Bar No.: 028487
     pscheck@shutts.com

     Reed Sebastian Arroyo
     Florida Bar No.: 1014893
     sarroyo@shutts.com

Attorneys for Teri-Lynne Johansson

By:   */s/ Alicia M. Chiu*
     Alicia M. Chiu
     Florida Bar No. 0058366
     alicia.chiu@jacksonlewis.com

     R. Charles DiNunzio, Jr.
     Florida Bar No. 1029108
     charles.dinunzio@jacksonlewis.com

Attorneys for Fusion Solution, Inc.
Fatima Abbas

Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Fl 33131-2332
Telephone:   (305) 379-3686
Facsimile:    (305) 379-3690

John B. Trawick PLLC
3298 Summit Blvd., Suite 5
Pensacola, FL 32503
Telephone:   (850) 476-0495

By:   /s/ Bradley A. Silverman
        Bradley A. Silverman
        Florida Bar No. 105333
        bsilverman@hamiltonmillerlaw.com

By:   /s/ John Bassett Trawick
        John Bassett Trawick
        Florida Bar No. 67407
        john@jbtrawicklaw.com

        Jamie K. Nokoa
        Florida Bar No. 1010799
        jnakoa@hamiltonmillerlaw.com

Attorneys for Brook Consultants, Inc.,
Gerry Wyse and SWI, Inc.

Attorneys for e-Team, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel-of-record and furnished by email to Mr. Rufus Lovell Brooks at Brooks.rufus@yahoo.com.

/s/ Alicia M. Chiu
Alicia M. Chiu

4875-9982-6494, v. 2

# EXHIBIT 1[1]

---

[1] Please note, the following Notice of Intent misidentifies the appropriate party as Verizon.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:22-cv-00669-WWB-LHP

RUFUS LOVELL BROOKS,

          Plaintiff,

Vs.

BROOK CONSULTANTS, LLC, et al

          Defendants.

_____/

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO SAP FIELDGLASS.**

      Plaintiff RUFUS LOVELL BROOKS ("Plaintiff"), acting pro se, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 3.03, M.D. Fla. L.R., hereby requests that S A P Field Glass, Inc. produce for inspection and copying all documents and information specified herein that are in Field Glass's possession, custody or control or in the possession, custody or control of Field Glass's agents or attorneys. Field Glass is requested to make such production within the time required by the Federal Rules of Civil Procedure, or such time as required by Court Order, at the home of Rufus Lovell Brooks, 14016 Myrtlewood Drive, Orlando, Florida 32832, or at such other place as may be agreed upon by counsel.

[Remainder of Page Intentionally Left Blank]

## <u>DEFINITIONS</u>

1.      The term "Brooks" shall refer to Plaintiff Rufus Lovell Brooks and any of his representatives, including, but not limited to, any of his employees, agents, or attorneys, and any other person acting for, on behalf of, or under the authority or control of, Rufus Lovell Brooks.

2.      The term "Plaintiff" means Rufus Lovell Brooks as defined herein.

3.      The term "Defendants," shall refer to Defendants, eTeam, Inc. Subline Wireless, Inc., and Brook Consultants, LLC, and any officer, director, shareholder, employee, agent, or attorney for eTeam, Inc., Subline Wireless, Inc., and Brook Consultants, LLC, and any other person acting for, on behalf of, or under the authority or control of eTeam, Inc., Subline Wireless, Inc., and Brook Consultants, LLC.

4.      The term "person" means and includes any natural person, individual, proprietorship, association, limited liability company, joint venture, firm, partnership, corporation, estate, trust, receiver, syndicate, municipal corporation, party and/or any other form of business enterprise or legal entity, governmental body, group of natural persons or entity, including any employee or agent thereof.

5.      The term "document" means any medium upon which information or intelligence can be recorded or retrieved, including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, electronic mail entries (e-mail), instant messages, text messages, social media messages or postings, bulletins, meetings or other communications, inter-office or intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets,  bulletins, printed

matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, including, without limitation, microfilm, photographs, charts, microfiche, videotape, recordings, voice messages, motion pictures, CD-ROM discs, DVD disks, usb drives, portable drives, or mechanical or electronic recordings or representations of any kind (including without limitation, tapes, cassettes, discs, digital recordings, and records). A draft or non-identical copy is a separate "document" within the meaning of this term.

6.      The term "all documents" means every document or group of documents as defined above, that are known to you, or that can be located or discovered by reasonably diligent efforts.

7.      The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, electronic mail, by social media mail or posting, personal delivery or otherwise.

8.      The term "Action" shall mean this instant action entitled *Rufus Lovell Brooks v. Brook Consultants, LLC,* Case No. 6:22-cv-00669-WWB-LHP.

9.      The words "refer to" or "relate to" shall mean: pertains to, pertaining to, contains, concerns, describes, embodies, mentions, constituting, supports, corroborates, demonstrates, provides, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

10.     A document "relates" or is "relating" to a given subject matter if it constitutes, contains, comprises, consists of, embodies, identifies, states, refers to, deals with, sets forth,

proposes, shows, evidences, discloses, describes, discusses, explains, summarizes, concerns, or otherwise addresses in any way the subject matter of the request.

11.     The term "Complaint" means the Complaint filed by Plaintiff on or about April 6, 2022 in the Middle District of Florida, and any amendments made thereto.

12.     The term "Interrogatory" or "Interrogatories" means the interrogatories set forth in this First Set of Interrogatories to Ericsson, Inc., served contemporaneously herewith.

13.     The term "Request" or "Requests" means Plaintiff's First Request for Production of Documents to Field Glass, Inc.

14.     As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

15.     The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests any documents which might otherwise be construed to be outside their scope.

16.     "Copy" when used in reference to a document means any color or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of pressure sensitive paper, xerography, electronic or any other means of process.

17.     "Communication" and "communicate" shall mean any recordation, exchange or transfer of information, whether in writing, oral or other form, including, but not limited to, memoranda or notes to the file, telephone conversations, and meetings, letters, telegraphic and telex communications, and includes all information relating to all oral communications and "documents" (as hereinabove defined), whether or not such document, or information contained herein was transmitted by its author to any other person.

## INSTRUCTIONS

1. Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests.

2. These Requests are directed to and cover all documents in Field Glass, Inc.'s possession, custody or control, or in the possession, custody, or control of Field Glass, Inc.'s representatives, including, but not limited to, any of his employees, agents, or attorneys, and any other person acting for, on behalf of, or under the authority or control of Field Glass, Inc.

3. When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

4. You shall produce documents responsive to these Requests in such a manner that the source of the documents is easily ascertainable by Plaintiff.

5. In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub file, if any, maintained within the file, and the present location of the file.

6. If you withhold any documents that you are otherwise required to produce by these Requests, specifically identify each document by stating its date, author, recipients and the reason for withholding said document.

7. If you object to identifying a document or oral communication on the ground of privilege or otherwise, state the following for each piece of information withheld in a privilege Log to be served and filed with the court in accordance with the applicable rules of civil procedure:

(a) the type of document (i.e., correspondence, memorandum, etc.), or, if an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant;

(b) the general subject matter of the document or oral communication;

(c) the date of the document or when the oral communication was made;

(d) the person(s) who authored the document or made the oral communication;

(e) the person(s) who received the document or a copy or heard the oral communication;

(f) the ground(s) for nonproduction; and the substance of the document or oral communication.

(g) Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, these Requests are continuing in nature so as to require production of any and all documents which may be in your possession, custody or control between the date of service of this request and the date on which the above-captioned case is resolved, either by trial or otherwise'

## TIME FRAME

Unless otherwise specified within a specific request for production, the time frame for this First Request for Production shall be from January 1, 2018 to the present.

## **DOCUMENTS TO BE PRODUCED**

1. All documents relating to Plaintiff's applications for employment with you, directly and indirectly,  including, but not limited to, documents that Plaintiff submitted and you received from Plaintiff in connection therewith, including, but not limited to, employment applications, résumés, references, correspondence, and documents describing Plaintiff's  experience and qualifications.

2. All documents which relate or refer to any job applications submitted through SAP Field Glass by staffing suppliers on the behalf of Plaintiff to Verizon, Inc., or Verizon Wireless.

3. All documents which relate or refer to any job applications submitted through SAP Field Glass by staffing suppliers on the behalf of Plaintiff to T-Mobile/Sprint, Inc.

4. All documents which relate or refer to any job applications submitted through SAP field Glass by staffing suppliers on the behalf of Plaintiff to Ericsson, Inc.

5. All documents which relate or refer to any job applications submitted through SAP field Glass, by staffing suppliers on the behalf of Plaintiff to AT&T Wireless.

6. All documents which relate or refer to any job applications submitted through SAP field Glass, by staffing suppliers on the behalf of Plaintiff to Nokia.

7. All documents which relate or refer to any job applications submitted through SAP field Glass by staffing suppliers on the behalf of Plaintiff to any buyer.

8. All documents submitted through the SAP Field Glass by staffing suppliers on the behalf of Plaintiff to Verizon, Inc. showing the date of submission, buyer name, job number, the supplier name, and the final resolution of the Plaintiff's applications.

9. All documents submitted through the SAP Field Glass by staffing suppliers on the behalf of Plaintiff to T-Mobile/Sprint, showing the date of submission, buyer name, job number, the supplier name, and the final resolution of the Plaintiff's applications.

10. All documents submitted through SAP Field Glass by staffing suppliers on the behalf of Plaintiff to Nokia showing the date of submission, buyer name, job number, the supplier name, and the final resolution of the Plaintiff's applications.

11. All documents submitted through the SAP Field Glass by staffing suppliers on the behalf of Plaintiff to AT&T Wireless showing the date of submission, buyer name, job number, the supplier name, and the final resolution of the Plaintiff's applications.

12. All documents submitted through the SAP Field Glass by staffing suppliers on the behalf of Plaintiff to any buyer, showing the date of submission, buyer name, job number, the supplier name, and the final resolution of the Plaintiff's applications.

Dated this 3rd day of November, 2022.

Respectfully submitted,

By: Rufus Lovell Brooks
 Acting Pro Se
 14016 Myrtlewood Drive
 Orlando, FL 32832
 Telephone: (407) 704-8123
 E-mail: brooks.rufus@yahoo.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:22-cv-00669-WW-LHP

RUFUS LOVELL BROOKS

               Plaintiff,

vs.

BROOK CONSULTANTS,  LLC, et, al

               Defendants.

_____/

## NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE that on November 15, 2022, Plaintiffs Rufus Lovell Brooks, acting pro se, will cause the attached subpoena (the "Subpoena") to be served via process server on the  Verizon, Inc.'s **Registry agent,** JOHN JENNINGS, 125 S WACKER DR, STE 2400, CHICAGO, IL 60606

respectfully submitted,

_____

Date: Nov 3rd, 2022

Rufus Lovell Brooks, *Acting Pro Se*
14016 Myrtlewood Drive
Orlando, FL 32832
Tel. 407.704.8123
E-mail: Brooks.rufus@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this 1st day of November 3, 2022, a copy hereof of Plaintiff Notice of

Intent to Serve Subpoena was served via e-mail and US mail to:


**John Bassett Trawick**
John B. Trawick PLLC
3298 Summit Blvd
Suite 5
Pensacola, FL 32503
850-476-0495
Email: john@jbtrawicklaw.com

**Paul J. Scheck**
Shutts & Bowen, LLP
Suite 1600
300 S Orange Ave.
Orlando, FL 32801
407/423-3200 Ext 6730
Fax: 407/425-8316
Email: pscheck@shutts.com


**Reed Sebastian Arroyo**
210 Duncan Trail
Longwood, FL 32779
407-967-7751
Email: SArroyo@shutts.com


**Alicia M. Chiu**
Jackson Lewis, PC
390 N Orange Ave, Ste 1285
Orlando, FL 32801
407-246-8405
Fax: 407/246-8441
Email: alicia.chiu@jacksonlewis.com


**Ronald Charles DiNunzio , Jr**
Jackson Lewis P.C.
390 N. Orange Avenue
Ste 1285
Orlando, FL 32801
407-246-8440
Email: charles.dinunzio@jacksonlewis.com

**Jennifer Patricia Brooks**
Hamilton Miller & Birthisel, LLP
150 SE 2nd Ave Ste 1200
Miami, FL 33131-1579

305/379-3686
Fax: 305/379-3690
Email: jmiller@hamiltonmillerlaw.com

**Joshua David Roth**
Quintairos, Prieto, Wood & Boyer, PA
255 S Orange Ave Ste 900
Orlando, FL 32801-3454
407-425-9566
Fax: 407-425-9596
Email: Roth.JoshuaDavid@gmail.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida  ▾

| | |
|---|---|
| RUFUS LOVELL BROOKS | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  6:22-cv-669-WW-LHP |
| BROOK CONSULTANTS, INC. et al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               SAP Fieldglass, Inc. Legal department
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All of the documentys listed on the attached Request for Document Form.

| Place:    14016 Myrtlewood Drive   Orlando, FL 32832 | Date and Time:     12/15/2022 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/1/22

CLERK OF COURT

                                                                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Rufus Lovell Brooks acting pro se                           , who issues or requests this subpoena, are:
14016 Myrtlewood Drive  Orlando, FL 32832   brooks.rufus@yahoo.com  (407) 704-8123

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT 2

**From:**         DiNunzio, R. Charles (Orlando)
**Sent:**          Wednesday, November 9, 2022 4:20 PM
**To:**              Rufus Brooks
**Cc:**              'John Trawick'; Paul Scheck; Reed Sebastian Arroyo; jroth@hamiltonmillerlaw.com;
                      Bradley Silverman (HMB); Joanne Rudd (HMB); Jamie Nakoa (HMB); Daphnee Jones
                      (HMB); Chiu, Alicia M. (Orlando)
**Subject:**      RE: Objection to Intent to Serve Verizon Subpoena

Mr. Brooks,

We timely objected to the Verizon subpoena and under the Federal Rules there is no deadline to file a motion for protective order.  We're hoping that our meet and confer is productive and that a motion won't be necessary.  I assure you no one is purposely delaying in responding, but it does take time to coordinate this many attorneys and their clients, so we appreciate your patience.

Separately, Defendants Brook Consultants, Inc., Teri-Lynne Johansson, Gerry Wyse, SWI, Inc., Fusion Solutions, Inc., Fatima Abbas, and eTeam also collectively object to your intent to serve a subpoena on SAP Fieldglass for the following reasons:

Request No. 1/General objection – SAP Fieldglass is a vendor management system that companies implement to help employ workers.  To the extent that it would have any pertinent documents, the requests should be sent to the companies in question, not the vendor.

Request Nos. 2-12—Similar to our objections regarding the proposed Verizon subpoena, these requests do not name the staffing suppliers.  None of these parties mentioned in these requests are parties to the litigation, nor is SAP Fieldglass.  Further, it is our understanding that some of these companies (such as Ericsson) do not even use SAP Fieldglass, which creates a separate issue.

We can discuss our objections to the Verizon and SAP Fieldglass subpoenas together tomorrow at 1p.m. so as to avoid any further delay.  I will have my assistant send around a dial-in number.

Thank you,
Charles