UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

RUFUS LOVELL BROOKS,

    Plaintiff,

vs.

BROOKS CONSULTANTS, INC., et al.,

    Defendants.

CASE NO. 6:22-cv-00669-WWB-LHP

## PLAINTIFF OPPOSED DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Plaintiff, acting pro se, oppose Defendants FUSION SOLUTIONS,INC.,FATIMA ABBAS,BROOK CONSUTLANTS, INC., TERI-LYNNE JOHANSSON, GERRY WYSE, SWI, INC., and ETEAM, INC. motion fpr a protective order precluding Plaintiff from seeking certain documents from third-party SAP FIELDGLASS. ("Fieldglass"). Plaintiff state the following in support:

1

Plaintiff object to the Defendant Motion for a protective order, precluding Plaintiff from seeking certain documents from third-party SAP FIELDGLASS.

## Discussion

To challenge a third-party subpoena, a party must have a personal right to or privilege in the information sought by the subpoena." United States v. Idema, 118 Fed.Appx. 740, 744 (4th Cir. 2005). See also In re Grand Jury Subpoena John Doe, 584 F.3d 175, 184, 190-91 (4th Cir. 2009). Absent this showing, the party lacks standing and the motion must be denied without reaching the motion's merits.

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.................... relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Because these rules implicate the legitimate privacy interests of litigants, Rule 26 further provides that a court, upon a showing of good cause, may enter a protective order to protect any party to a lawsuit from annoyance or embarrassment. FED. R. CIV. P. 26(c). Additional limitations are imposed on discovery by Rule 26(b)(2)(C), which provides, in relevant part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive
> (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;
> (c) or the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The burden lies with the party seeking the protective order to show good cause for the entry of the order by making a "particular and specific demonstration of fact, as

distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). Similarly, Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas and provides that the court "must" quash a subpoena that requires disclosure of a privileged or other protected matter or is unduly burdensome.

Here, there Defendants essentially concedes that they have no standing and were only trying to protect SAP FIELDGLASS. The Defendants failed to show good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements that they would be harmed by the issued of the sub. If the subpoena is not issued, Plaintiff would be harmed as there are no other ways to obtain the information sought in the subpoena. The Defendant refused to provide to the Plaintiff any information related to this case. The Defendant has not demonstrated of provided facts that SAP Field Glass would be over burden by the requests made in the subpoena. Plaintiff is a subscriber to SAP FIELDGLASS and is well aware of how their system. The information sought can be provided in twenty to thirty minutes. Plaintiff, further argue that if SAP FIELDGLASS has objects as to the subpoena, if would be resolved by Plaintiff and SAP FIELDGLASS.

Plaintiff respectable asks the Court to deny the Defendant's request for a protective order and all other requests made as they relate to their motion.

Respectfully submitted on Date: November 28, 2022

Rufus Lovell Brooks, Acting pro se
14016 Myrtlewood Drive
Orlando, Florida 32832
(407) 704 8123
E-mail: brooks.rufus@yahoo.com

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on this 28th day of November, 2022, the foregoing was electronically filed with the Court using the US Mail, CM/ECF system, which will send a notice of electronic filing to counsel-of- record and by email to:

| | |
|---|---|
| Shutts & Bowen, LLP<br>300 S. Orange Avenue, Suite 1600<br>Orlando, FL 32801<br>Telephone: (407) 835-6767<br>Facsimile:   (407) 425-8316 | JACKSON LEWIS P.C.<br>390 North Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone: (407) 246-8440<br>Facsimile:   (407) 246-8441 |
| By:   */s/ Paul J. Scheck*<br>      Paul J. Scheck<br>      Florida Bar No.: 028487<br>      pscheck@shutts.com<br><br>      Reed Sebastian Arroyo<br>      Florida Bar No.: 1014893<br>      sarroyo@shutts.com | By:   */s/ Alicia M. Chiu*<br>      Alicia M. Chiu<br>      Florida Bar No. 0058366<br>      alicia.chiu@jacksonlewis.com<br><br>      R. Charles DiNunzio, Jr.<br>      Florida Bar No. 1029108<br>      charles.dinunzio@jacksonlewis.com |
| Attorneys for Teri-Lynne Johansson | Attorneys for Fusion Solution, Inc.<br>Fatima Abbas |

| | |
|---|---|
| Hamilton, Miller & Birthisel, LLP<br>150 Southeast Second Avenue<br>Suite 1200<br>Miami, Fl 33131-2332<br>Telephone: (305) 379-3686<br>Facsimile:   (305) 379-3690 | John B. Trawick PLLC<br>3298 Summit Blvd., Suite 5<br>Pensacola, FL 32503<br>Telephone: (850) 476-0495 |

By:   */s/ Bradley A. Silverman*
     Bradley A. Silverman
     Florida Bar No. 105333
     bsilverman@hamiltonmillerlaw.com

     Jamie K. Nokoa
     Florida Bar No. 1010799
     jnakoa@hamiltonmillerlaw.com

Attorneys for e-Team, Inc.

By:   */s/ John Bassett Trawick*
     John Bassett Trawick
     Florida Bar No. 67407
     john@jbtrawicklaw.com

Attorneys for Brook Consultants, Inc., Gerry Wyse and SWI, Inc.