## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **RUFUS LOVELL BROOKS,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. 6:22-cv-00669-WWB-LHP<br>) |
| **BROOKS CONSULTANTS, INC.,**<br>et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

### DEFENDANTS FUSION SOLUTIONS, INC. AND FATIMA ABBAS' RULE 21 MOTION TO DISMISS THEM FROM THE CURRENT ACTION AS IMPROPERLY JOINED DEFENDANTS

Defendants, FUSION SOLUTIONS, INC. ("Fusion") AND FATIMA ABBAS ("Ms. Abbas"), by and through their undersigned attorneys, respectfully move this Honorable Court to dismiss them from the current action pursuant to Fed. R. Civ. P. 20 and 21. In support of this Motion, Defendants state as follows:

### SUMMARY OF ARGUMENT

Fusion is a staffing agency that provides staffing solutions to various telecommunications companies. Pro se Plaintiff[1] filed a Complaint (Dkt. 1) on April 6, 2022; an Amended Complaint (Dkt. 6) on April 18, 2022; and a Second Amended Complaint and Demand for Jury Trial (Dkt. 29) on June 10, 2022,

---

[1] Plaintiff is a vexatious litigant who has filed over 10 pro se actions in state and federal court.

against eight (8) separate Defendants (Brook Consultants, Inc., Terri-Lynne Johansson, Gerry Wyse, Labyrinth International, LLC[2], SWI, Inc., eTeam, Inc., Fusion, and Abbas) alleging breaches of various unrelated contracts, executed over a period of approximately ten (10) years, and other tort causes of action derivative to the purported individual contractual agreements.  Plaintiff's breach of contract claim against Fusion and Abbas—the sole count remaining after the Court granted in part Fusion and Abbas' Motion to Dismiss[3]—is unrelated to the claims against the other Parties, and the other Defendant companies are unrelated, both legally and factually, to Fusion and Abbas. Without explaining this lack of relationship, Plaintiff has joined all 8 Defendants into a single Complaint.

The Court should dismiss Fusion and Abbas from the suit for misjoinder to avoid commingling cases that involve unrelated parties and completely different

---

[2] Labyrinth International, LLC, was never properly served and has not appeared in the case.  The Magistrate Judge's Report and Recommendation is still pending, recommending dismissal.  Dkt. 64.

[3] Plaintiff specifically alleged five (5) Counts against Fusion and Abbas in his Second Amended Complaint:  Breach of Contract (Count III); Intentional Misrepresentation (Count IV); Intentional Fraudulent Misrepresentation (Count V); Intentional Infliction of Emotional Distress ("IIED") (Count VI); and Tortious Interference with Prospective Economic Advantage (Count VII).  Defendants Abbas and Fusion filed a Motion to Dismiss (Dkt. 30), asserting that the Court should dismiss these claims because they failed to state a cause of action upon which relief can be granted.  The Magistrate Judge's November 7, 2022, Report and Recommendation (Dkt. 59) recommended the Court dismiss the matter except as to Count III (Breach of Contract).  The Court adopted the Magistrate Judge's Report and Recommendation on January 12, 2023 (Dkt. 70). Thus, the only remaining issue is whether Fusion and Abbas breached a contract with Plaintiff.

evidence, which could confuse a jury, unnecessarily complicate the Court's docket, delay the proceedings, and inherently prejudice Fusion and Abbas. Plaintiff fundamentally alleges that he granted Fusion exclusive rights to represent him to various telecommunications companies and that Fusion failed to represent him properly to those companies. Notably, he does not assert that Defendants Fusion and Abbas are jointly or severally liable with other Defendants, nor does he allege that his breach of contract claim against Fusion or Abbas arises out of the same transaction, occurrence, or series of transactions or occurrences as the other Defendants. The boundaries of any purported agreement between Plaintiff and Fusion are unique to that particular agreement, and thus there are no questions of law or fact common to all Defendants. Because there is no common connection between the claims or parties, Plaintiff has misjoined Fusion and Abbas. Defendants Fusion and Abbas therefore ask the Court to exercise its discretion under Federal Rule of Civil Procedure 20 and 21 and grant this motion, dismissing Fusion and Abbas from the current Action for misjoinder, or in the alternative, severing them from the other Defendants and permitting them to litigate his matter individually.

## MEMORANDUM OF LAW

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 21 addresses party misjoinder and provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Travelers Indem. Co. v. Attys. Title Ins. Fund, Inc.*, 2013 US Dist. LEXIS 178163 *2 (MD Fla. Dec. 18, 2013) ("District Courts are authorized to dismiss any misjoined party or claim at any stage of a lawsuit.") (internal citations omitted). "Misjoinder occurs when parties fail to satisfy Federal Rule of Civil Procedure 20(a)." *Id.* Rule 20(a)(2) states that defendants may only be joined in an action if, "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Even if joinder is technically permitted under Rule 20, the Court has "broad discretion" to dismiss or sever parties in the interests of judicial economy, case management, prejudice to parties, and fundamental fairness. *Bongiovanni v. Austin*, No. 3:22-cv-237-MMH-MCR, 2022 U.S. Dist. LEXIS 93246, at *35 (M.D. Fla. May 24, 2022); *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 368 (M.D. Fla. 2013).

As discussed below, Defendants are not properly joined, and the Court should dismiss Fusion and Abbas from this Action.

## II. ARGUMENT

### A. Dismissal is Warranted Because Plaintiff's Claims Do Not Arise Out of the Same Transaction or Occurrence and Do Not Involve Questions of Common Fact

Claims arise out of the same transaction or occurrence when they pass the "logical relationship test." *Barber*, 289 F.R.D. at 367. "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). Central to this analysis is whether "the same operative facts serve as the basis of both claims." *Republic Health*, 755 F.2d at 1455. Critically, the Rule "refers to the *same* transaction or occurrence[,] not to similar transactions or occurrences." *Hartley v. Clark*, No. 3:09cv559/RV/EMT, 2010 U.S. Dist. LEXIS 28241, at *12 (N.D. Fla. Feb. 12, 2010) (emphasis in original).

Keeping these cases joined would severely prejudice Fusion and Abbas. Plaintiff alleges in Count III (Breach of Contract) of his Second Amended Complaint—the only Count not dismissed previously by the Court as to Fusion and Abbas—that Fusion and Abbas, along with co-Defendants SWI, Inc., and

5

eTeam, Inc., gave "right to represent" agreements to Sprint, Ericsson, Verizon, and T-Mobile, but that Defendants breached the agreements by not representing and submitting Plaintiff for jobs at Nokia, Sprint, and Ericsson. Whether Fusion and Abbas entered into binding agreements with Plaintiff or the aforementioned telecommunications companies, and whether Fusion and Abbas submitted Plaintiff for open requisitions, are specific questions that do not implicate the same facts, transactions, or occurrences that are alleged against co-Defendant SWI, and the Court has already dismissed eTeam, Inc. from the lawsuit on this very basis[4]. The companies are not related, and any purported breach of a contractual obligation on the part of Fusion or Abbas is completely divorced from the obligations of other Defendants. *See In re Ernie Haire Ford, Inc.*, 459 B.R. 824, 831 (Bankr. M.D. Fla. 2011) ("[m]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder," and "the fact that multiple defendants have caused the same type of injury to the plaintiff, and have inflicted such injury in the same manner, does not permit joinder of otherwise unrelated defendants." (quoting *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 *2 (E.D.N.C. Feb. 27, 2008))); *see also Boy Racer, Inc. v. Does* 1-60, No. C 11-01738 SI, 2011 U.S. Dist. LEXIS 92994, 2011

---

[4] On January 12, 2023, the Court dismissed all counts as to eTeam under Fed. R. Civ. Pr. 20 and 21 as a misjoined party, leaving only Fusion, Abbas, and SWI, Inc. to defend against Count III [Dkt. 70].

WL 3652521 (N.D. Cal. Aug. 19, 2011) (stating that engaging in the same generally prohibited conduct does not equate to a "series of related transactions or occurrences" for Rule 20 purposes and dismissing the plaintiff's claims on misjoinder grounds despite allegations that defendants had engaged in the same wrongdoing).

As to the rest of the Counts in Plaintiff's Second Amended Complaint (I-II and IV-VII), the only thing linking Fusion and Abbas to the remaining Defendants in this case is the general fact that they are all staffing agencies that provide staffing solutions to telecommunications companies. The Breach of Contract allegations against Fusion and Abbas in Count III share nothing in common with the Breach of Contract claims asserted in Counts I and II against Defendants Johansson, Wyse, and Brook Consultants, nor does Count III arise out of the same transaction or occurrence as the intentional torts alleged in Counts IV-VII against Defendants Johansson, Wyse, and Brook Consultants or Counts IV-VI against SWI, Inc.[5]

Given the vastly different nature of the allegations against the various Defendants, which necessarily turn on isolated incidents—each specific to *only one* Defendant and bearing no logical relationship to any of the others— Defendants Fusion and Abbas are misjoined and dismissal is proper. *See Brooks v.*

---

[5] This Court previously dismissed Counts IV-VII as against Fusion and Abbas. Dkt. 70.

*Brooks Consultants, Inc.*, 2022 U.S. Dist. LEXIS 202493, *13-14 (M.D. Fla. 2022) (recommending dismissal of eTeam in *this* litigation and citing *Ernie Haire Ford, Inc.*, 459 B.R. at 832, for the proposition that the Court should dismiss claims against unrelated defendants where "other than allegedly having committed the same general wrongdoing in similar fashion, the named defendants do not share a relationship with one another," and "the transactions allegedly consummated by any individual defendant appear to be separate and distinct from those of the other defendants"); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (violations of Rules 18 and 20 should be solved "by severance" or "dismissing the excess defendants under Fed. R. Civ. Pro. 21").

For these reasons, Defendants Fusion and Abbas should be dismissed from this suit.

    **B.**    <u>**Other Considerations Warrant Severance**</u>

Even if Plaintiff meets the criteria for joining Defendants under Rule 20 and the Court does not find dismissal proper, severance is still warranted. *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 368 (M.D. Fla. 2013). Courts will weigh four factors to determine if severance is proper: "(1) the interest of avoiding prejudice and delay; (2) ensuring judicial economy; (3) safeguarding principles of fundamental fairness; and (4) whether different witnesses and documentary proof would be required for plaintiffs' claims." *Hofmann v. EMI Resorts, Inc.*, 2010

WL 9034908, at *1 (S.D. Fla. July 21, 2010) (citations omitted). All four factors are met here.

Severing the Defendants will avoid potential prejudice and safeguard principles of fundamental fairness. Proceeding with a combined lawsuit involving multiple Defendants unrelated by anything other than a common industry raises significant concerns that Plaintiff's individual claims will be evaluated by a jury not on their own merits but rather in the totality, with a resulting improper cumulative effect. Such a situation is ripe for jury confusion as to the factual and legal issues, unduly prejudicing Defendants. *See Petrano v. Old Republic Nat'l Title Ins. Co.*, 2012 U.S. Dist. LEXIS 169531, *7 (N.D. Fla. 2012) ("[B]ecause of the numerous and unrelated occurrences that give rise to these varied claims, it is likely that the defendants will present unique defenses that will require different evidence.")

Further, severing Defendants would ensure judicial economy and avoid delay, in light of the different witnesses and documentary proof required. *See Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 368-369 (M.D. Fla. 2013) ("The fact-specific nature of the claims and defenses that have been, or will be, raised by the parties, precludes any conclusion that judicial economy would be served by joinder. . . . Significant case management concerns, the likely prejudice to

9

Defendants in terms of cost and delay absent severance, and fundamental fairness also weigh in favor of severance.").

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned conferred with Plaintiff by telephone on March 9, 2023 in a good faith effort to resolve this Motion, but the Parties were unable to resolve the issues detailed herein, and Plaintiff opposes this Motion to Dismiss.

## CONCLUSION

The pro se Plaintiff has improperly joined multiple unrelated parties, including Fusion and Abbas, as co-Defendants. For the reasons outlined above, Fusion and Abbas ask the Court to grant this motion, dismissing them from the current Action. In the alternative, Fusion and Abbas ask the Court to sever them from the remaining co-Defendants and permit them to independently litigate the matter.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 10th day of March, 2023.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441


By: */s/ R. Charles DiNunzio, Jr.*
Alicia M. Chiu
Florida Bar No. 0058366
alicia.chiu@jacksonlewis.com

R. Charles DiNunzio, Jr.
Florida Bar No. 1029108
charles.dinunzio@jacksonlewis.com

Attorneys for Fusion Solutions, Inc. and Fatima Abbas

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of March, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel-of-record and was furnished by email to Mr. Rufus Lovell Brooks at Brooks.rufus@yahoo.com.


*/s/ R. Charles DiNunzio, Jr.*
R. Charles DiNunzio, Jr.

4883-8627-6686, v. 3