UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUFUS LOVELL BROOKS,

        Plaintiff,

v.                                               Case No:   6:22-cv-669-WWB-LHP

BROOKS CONSULTANTS, INC.,
TERI-LYNNE JOHANSSON, GERRY
WYSE, LABYRINTH
INTERNATIONAL, LLC, FUSION
SOLUTION, INC., FATIMA ABBAS
and SWI, INC.,

        Defendants

---

ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Doc. No. 62)
>
> **FILED:**     November 15, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:**   DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Doc. No. 63)

> **FILED:** November 15, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendants collectively file two motions for protective order, seeking to preclude Plaintiff from obtaining certain discovery by non-party subpoenas. Doc. Nos. 62–63. First, Defendants seek a protective order related to a subpoena to be directed to non-party Verizon, Inc., and requests 2–5 therein. Doc. No. 62, at 2. *See also id.* at 13 (subpoena listing document requests). Requests 2–5 ask for information related to job applications and related materials submitted to Verizon on Plaintiff's behalf by "staffing suppliers." *See id.* at 13. Defendants contend that these requests are overbroad because "staffing suppliers" is undefined, and the requests "could include documents from companies wholly unrelated to the claims or defenses in this litigation." *Id.* at 2. However, Defendants are not opposed to limiting the definition of "staffing suppliers" to the Defendants named in this litigation. *Id.* at 2–3.

Second, Defendants seek a protective order related to a subpoena to be directed to non-party SAP Fieldglass, and requests 2–12 therein. Doc. No. 62, at 2. *See also id.* at 13–14 (subpoena listing document requests). Requests 2–12 ask for information related to job applications and associated materials submitted through SAP Fieldglass by "staffing suppliers" on Plaintiff's behalf. *Id.* at 13–14.

Defendants object to these requests for the same overbreadth reasons as it relates to the Verizon subpoena, but again do not oppose a limitation on the definition of "staffing suppliers" to the Defendants name in this litigation. *Id.* at 2–3.

Plaintiff opposes both motions. Doc. Nos. 68–69. Plaintiff contends that Defendants lack standing to challenge the subpoenas and have failed to establish good cause for issuance of a protective order, and that he would suffer harm "if the subpoena[s] [are] not issued" because "there are no other ways to obtain the information sought in the subpoena[s]." Doc. No. 68, at 3; Doc. No. 69, at 3.

Upon consideration, the motions for protective order are due to be denied. As an initial matter, although Defendants mention relevancy in their motions, the motions are grounded in the argument that the subpoena requests at issue are overbroad. *See* Doc. Nos. 62, 63. But some courts in this District have determined that "[a] party does not have standing to object to a non-party subpoena on the basis that it is burdensome, oppressive or is overly broad." *See McCoy v. GEICO Gen. Ins. Co.*, No. 6:19-cv-353-Orl-WWB-DCI, 2019 WL 5391104, at *2 (M.D. Fla. Aug. 14, 2019) (citing *Malibu Media, LLC v. John Does 1-35*, No. 2:12-cv-178-FtM-99DNF, 2012 WL 4513050, at *4 (M.D. Fla. Aug. 15, 2012), *report and recommendation adopted*, 2012 WL 4604544 (M.D. Fla. Oct. 2, 2012)).

Moreover, even assuming Defendants have standing to challenge the subpoenas, Defendants' arguments are based solely on speculation that the

subpoena requests could encompass irrelevant information, such that the subpoena requests "could include documents from companies wholly unrelated to the claims or defenses in this litigation." *See* Doc. No. 62, at 2; Doc. No. 63, at 2. The Court will not issue a protective order solely based on such speculative concerns. *See generally Hannah v. Armor Corr. Health Servs., Inc.*, No. 8:19-cv-596-T-60SPF, 2020 WL 3414999, at *2 (M.D. Fla. June 22, 2020) ("The party requesting a protective order must make a specific demonstration of facts in support of the request, rather than conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." (quoting *New World Network, Ltd. v. M/V. Norwegian Sea*, No. 05-22916-CIV, 2007 WL 1068124, at *1 (S.D. Fla. Apr. 6, 2007))). Notably, the subpoenas are tailored to information contained in or related to Plaintiff's applications, and otherwise appear to request information that could be relevant in this case. *See* Doc. No. 62, at 13; Doc. No. 63, at 13–14. *See also* Doc. No. 29. In sum, Defendants have not shown that "it is clear that the information sought has no possible bearing on the claims and defenses of the parties." *See Berman v. Kafka*, No. 3:13-cv-1109-J-JBT, 2014 WL 12620813, at *1 (M.D. Fla. Apr. 8, 2014).[1]

---

[1] To the extent that Defendants argue that the subpoena requests are "not in line with the Magistrate Judge's previous order limiting the scope of Plaintiff's non-party subpoena requests," such argument is unavailing. *See* Doc. No. 62, at 2; Doc. No. 63, at 2.

- 4 -

For these reasons, Defendants' Motions for Protective Order (Doc. Nos. 62–63) are **DENIED**.  To the extent that the subpoenas have not yet been served, *see* Doc. No. 62, at 14; Doc. No. 63, at 18, Plaintiff may now serve the subpoenas on Verizon, Inc., and SAP Fieldglass.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

Although the Court previously granted in part motions for protective order made by Defendants, the Court ruled on those motions as unopposed, and the Court did not make any rulings therein regarding the scope of discovery outside of the issues raised by Defendants' prior motions.  *See* Doc. No. 51.  So, that prior discovery order does not resolve the issues raised here.