**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RUFUS LOVELL BROOKS,

    Plaintiff,

v.                                              Case No:   6:22-cv-669-WWB-LHP

BROOKS CONSULTANTS, INC.,
TERI-LYNNE JOHANSSON, GERRY
WYSE, LABYRINTH
INTERNATIONAL, LLC, FUSION
SOLUTION, INC., FATIMA ABBAS
and SWI, INC.,

    Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **DEFENDANT, TERI-LYNNE JOHANSSON'S, TIME-SENSITIVE MOTION FOR PROTECTIVE ORDER TO PREVENT PLAINTIFF FROM TAKING DEPOSITION AT LOCATION NOT AGREED TO BY THE PARTIES (Doc. No. 78)**
>
> **FILED:**   April 24, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** *TIME SENSITIVE* – **(CORRECTED) MOTION FOR PROTECTIVE ORDER OF DEFENDANT, GERRY WYSE, TO PREVENT *PRO SE* PLAINTIFF FROM CONDUCTING WYSE' DEPOSITION AT LOCATION TO WHICH WYSE' COUNSEL HAS NOT AGREED (Doc. No. 82)**
>
> **FILED:** April 25, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendants Teri-Lynne Johansson and Gerry Wyse both move for protective orders preventing their depositions from being taken at a specific location—Embassy Suites in Orlando, Florida—a location unilaterally chosen by Plaintiff after Plaintiff had apparently agreed to conduct the depositions at counsels' offices. Doc. Nos. 78, 82. In support, Ms. Johansson and Mr. Wyse argue only that they have not agreed to be deposed at the Embassy Suites, that they have proposed an alternative neutral location (the Orange County Courthouse) to no avail, and Plaintiff's conduct in a prior 2019 case involving a different defendant in a different court warrants the change of locations. *Id.* Plaintiff opposes both motions. Doc. Nos. 85–86.

Upon review, Ms. Johansson and Mr. Wyse fail to state good cause to support the request for a protective order. *See* Fed. R. Civ. P. 26(c). Merely pointing to a case from 2019 involving a different defendant in a different court, without any

- 2 -

evidence that Plaintiff has engaged in misconduct in this case, is unpersuasive and does not establish good cause for the request. *See generally Hannah v. Armor Corr. Health Servs., Inc.*, No. 8:19-cv-596-T-60SPF, 2020 WL 3414999, at *2 (M.D. Fla. June 22, 2020) ("The party requesting a protective order must make a specific demonstration of facts in support of the request, rather than conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." (quoting *New World Network, Ltd. v. M/V. Norwegian Sea*, No. 05-22916-CIV, 2007 WL 1068124, at *1 (S.D. Fla. Apr. 6, 2007))).

Nor do Ms. Johansson and Mr. Wyse cite any authority establishing that Plaintiff may not unilaterally set the deposition location or that their agreement to the specific location where the deposition will be taken is required. Notably, according to the motions, both Ms. Johansson and Mr. Wyse have agreed to be deposed in Orlando, Florida. *See* Doc. No. 78 ¶ 2; Doc. No. 82 ¶ 5. And neither Ms. Johansson nor Mr. Wyse have adequately addressed why the Embassy Suites would not be an appropriate, neutral location.

Accordingly, absent good cause to support their requests, the motions for protective order (Doc. Nos. 78, 82) will be **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 3, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties