# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RUFUS LOVELL BROOKS,

        Plaintiff,

v.                                               Case No:   6:22-cv-669-WWB-LHP

BROOKS CONSULTANTS, INC.,
TERI-LYNNE JOHANSSON, GERRY
WYSE, LABYRINTH
INTERNATIONAL, LLC, FUSION
SOLUTION, INC., FATIMA ABBAS
and SWI, INC.,

        Defendants

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motion filed herein:

| |
|---|
| **MOTION:**   **DEFENDANTS FUSION SOLUTIONS, INC. AND FATIMA ABBAS' RULE 21 MOTION TO DISMISS THEM FROM THE CURRENT ACTION AS IMPROPERLY JOINED DEFENDANTS (Doc. No. 74)** |
| **FILED:**   **March 10, 2023** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

## I.    BACKGROUND.

On April 6, 2022, Plaintiff Rufus Lovell Brooks, appearing *pro se*, filed a complaint against Defendants Brooks Consultants, Inc., Teri-Lynne Johansson, Gerry Wyse, Labyrinth International, LLC, Fusion Solution, Inc., Fatima Abbas, SWI, Inc., and eTeam, Inc.   Doc. No. 1.[1]   Plaintiff's operative pleading is the second amended complaint, filed on June 10, 2022.   Doc. No. 29.   The second amended complaint asserts the following claims:   breach of contract and intentional breach of contract against Defendants Brooks Consultants, Labyrinth International, Wyse, and Johansson (Counts I & II); breach of contract against Abbas, Fusion Solution, SWI, Inc., and eTeam, Inc. (Count III); intentional misrepresentation against all Defendants (Count IV); "intentionally fraudulent misrepresentation" against all Defendants (Count V); intentional infliction of emotional distress against all Defendants (Count VI); and tortious interference with prospective economic advantages against Defendants Wyse, Johansson, and Abbas (Count VII).   *Id.* at 12–20.

The bases for Plaintiff's claims against each of the various Defendants are set forth in detail elsewhere in the record, *see* Doc. Nos. 59–61, 70, but as relevant to resolution of the above-styled motion, in sum, Plaintiff alleges that the named

---

[1] The record contains several discrepancies on the spellings of some Defendants' names.   For consistency, the undersigned utilizes the spellings reflected in the style of the case.

entity-Defendants are staffing agencies that supply wireless carriers with contractors for construction/project manager jobs.  *E.g.*, Doc. No. 29 ¶ 31.  The individual Defendants are the staffing agencies' employees or officers, with Wyse and Johansson working for Brooks Consultants and/or Labyrinth International, and Abbas working for Fusion Solution.  *E.g., id.* ¶¶ 5, 50, 53, 67.  Plaintiff alleges that he is a construction/project manager who worked as a contractor for wireless carriers, and entered into several separate "right to represent" agreements with the staffing agency Defendants, which agreements Defendants allegedly breached.  *E.g., id.* ¶¶ 46, 49, 52, 58, 62, 117–43.  *See also* Doc. Nos. 6-1 through 6-5.

Defendants Brooks Consultants, Wyse, and SWI, Inc. filed answers and affirmative defenses to the second amended complaint.  Doc. Nos. 33–34.  It does not appear that Defendant Labyrinth International has been served, and Labyrinth International has not appeared.  *See* Doc. No. 64 (pending report and recommendation recommending dismissal of Labyrinth International based upon same).  Defendants Fusion Solution, Abbas, Johansson, and eTeam, Inc. all moved to dismiss.  Doc. Nos. 30, 31, 55.

The Court granted the motions to dismiss in large part.  Doc. No. 70.  *See also* Doc. Nos. 59–61.  As it relates to Defendants Fusion Solution and Abbas, the only claim remaining against them is the breach of contract claim in Count III.  Doc.

No. 70, at 2. [2]   And eTeam, Inc. has been severed as an improperly joined Defendant. *Id.*   The Court severed the claims against eTeam, Inc. because other than alleging that each of the Defendant-entities are staffing agencies with similar business models, Plaintiff alleged no connection between eTeam and any other Defendant, and "[m]erely engaging in the same wrongful conduct, without any other apparent connection between defendants, is insufficient to satisfy the transactional requirement of [Federal Rule of Civil Procedure] 20." *See* Doc. No. 61, at 10–11; Doc. No. 70.

Fusion Solution and Abbas filed an answer and affirmative defenses to the second amended complaint on January 26, 2023.   Doc. No. 72.   Now, by the above-styled motion filed on March 10, 2023, Fusion Solution and Abbas ask to be dismissed from this action as improperly joined Defendants pursuant to Federal Rules of Civil Procedure 20 and 21.   Doc. No. 74.   Plaintiff opposes.   Doc. No. 75.   The motion has been referred to the undersigned, and the matter is ripe for review.

## II.   LEGAL STANDARDS.

Pursuant to Federal Rule of Civil Procedure 20(a), multiple defendants may be joined in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

---

[2] In ruling on the motions to dismiss, the Court permitted Plaintiff to file an amended complaint to rectify the deficiencies in Count VII as to Abbas, but Plaintiff has not filed any further pleadings.   *See* Doc. No. 70, at 2.

occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."   Fed. R. Civ. P. 20(a)(2). Federal Rule of Civil Procedure 21 states: "Misjoinder of parties is not a ground for dismissing an [entire] action.   On motion or on its own, the court may at any time, on just terms, add or drop a party.   The court may also sever any claim against a party."   Fed. R. Civ. P. 21.

"Misjoinder occurs when parties fail to satisfy Federal Rule of Civil Procedure 20(a)."   *Travelers Indem. Co. of Connecticut v. Att'ys Title Ins. Fund, Inc.*, No. 2:13-cv-670-FtM-38DNF, 2013 WL 6768216, at *1 (M.D. Fla. Dec. 19, 2013).   "District Courts are authorized 'to dismiss any misjoined party or claim at any stage of a lawsuit.'"   *Id.* (quoting *Harris v. Johns*, Nos. 3:06-cv-433-J-32MCR, 3:07-cv-30-J-32MCR, 2007 WL 2310784, at *3 (M.D. Fla. Aug. 8, 2007)).   As explained in *Travelers*,

> When evaluating whether a misjoinder has occurred in an action, courts lean toward the "broadest possible scope of action consistent with fairness to the parties."   *Alexander v. Fulton County, GA.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)).   "The touchstone of Rule 20 joinder/severance analysis is whether the interests of efficiency and judicial economy would be advanced by allowing the claims to travel together, and whether any party would be prejudiced if they did."   *Fisher v. Ciba Specialty Chemicals Corp.*, 245 F.R.D. 539, 542 (S.D. Ala. 2007).   Further, "the persons who are joined as defendants must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and, all the parties joined must share in common at least one question of law or fact."   *Union v. Montenegro*, No. 2:10-cv-734-FtM-99SPC, 2012 WL 2401784, at *4 (M.D. Fla. June 25, 2012) (citing *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir.

2000), *overruled on other grounds*, *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).

*Id.*

### III.    ANALYSIS.

Fusion Solution and Abbas contend that they have been improperly joined as Defendants in this matter because the breach of contract claim remaining against them in Count III is unrelated to any claim against the other parties.   Doc. No. 74. Fusion Solution and Abbas point out that Plaintiff does not allege that they are jointly or severally liable with the remaining Defendants, Plaintiff does not allege that his claims against Fusion Solution and Abbas arise out of the same transaction or occurrence as the other Defendants, and there are no questions of law or fact common to all Defendants as Plaintiff alleges separate contractual relations with each of the staffing agencies.   *Id.* at 2–3, 6–9.

In response, Plaintiff makes three arguments.   Doc. No. 75.   First, he argues that the motion is untimely because Fusion Solution and Abbas did not raise the misjoinder argument in their prior motion to dismiss.   *Id.* at 2–3.   Second, he argues that he will be prejudiced by severance or dismissal of Fusion Solution and Abbas because "[t]he other Defendants will ask the Court to be dismiss from the Complaint also . . . ."   *Id.* at 4.   Third, he states that discovery will add further detail to his claims as to any common relationship among Defendants, arguing that discovery to date demonstrates "Defendants may have conspired with [a wireless

carrier employee]," and alternatively asking the Court to delay ruling on the severance issue until after discovery is completed. *Id.*

Upon consideration, the undersigned will respectfully recommend that the Court dismiss Fusion Solution and Abbas as Defendants for the same reasons that the Court previously dismissed eTeam, Inc. *See* Doc. Nos. 61, 70. Like the claims against eTeam, Inc. the claims against Fusion Solution and Abbas bear no logical relation to the claims against the remaining Defendants; indeed, besides alleging that each of the entity-Defendants are staffing agencies with similar business models and that Plaintiff entered into separate contracts with each of the entity-Defendants and/or their employees, Plaintiff alleges no factual or legal connection between Fusion Solution and Abbas and the remaining Defendants. *See* Doc. No. 29. *See also Kennedy v. Skyview Plaza, LLC*, No. 6:16-cv-2128-Orl-22KRS, 2017 WL 603001, at *2 (M.D. Fla. Jan. 26, 2017), *report and recommendation adopted*, 2017 WL 589196 (M.D. Fla. Feb. 14, 2017) ("[C]ourts often sever claims brought against unrelated defendants when the only similarity between them is that they are alleged to have violated the same statute or acted in the same manner."). And Plaintiff's arguments in opposition to the motion are unavailing.

Plaintiff cites no legal authority for his position that the misjoinder argument is essentially waived by failing to raise the argument in a first-filed motion to

dismiss.   *See* Doc. No. 75.[3]   And "because Rule 21 unequivocally states that 'the court may at any time, on just terms, add or drop a party,'" I find Plaintiff's "argument that Defendants waived their right to file a misjoinder motion" unpersuasive.   *See Walgreen Co. v. Networks--USA V, Inc.*, No. 12 C 1317, 2012 WL 6591810, at *7 (N.D. Ill. Dec. 17, 2012).   *See also Atlas IP, LLC v. Medtronic, Inc.*, No. 13-23309-CIV, 2014 WL 11906632, at *2 (S.D. Fla. Mar. 17, 2014) (declining to find waiver of misjoinder issue); *Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*, No. 10-CV-419-GPC WVG, 2013 WL 2631333, at *3 (S.D. Cal. June 11, 2013) (same).   I also do not find persuasive Plaintiff's conclusory assertion that he will be prejudiced because other Defendants may also seek severance in this case.   *Cf. In re Ernie Haire Ford, Inc.*, 459 B.R. 824, 833 (Bankr. M.D. Fla. 2011) ("The primary factor under the Court's consideration is the potential prejudice *to the defendants* of having to proceed in a single action." (emphasis added)).[4]

Finally, Plaintiff's request to postpone the issue of dismissal/severance pending completion of discovery is not warranted.   A review of the complaint

---

[3] I note that Fusion Solution and Abbas raise the issue of misjoinder under Rule 20 as an affirmative defense in their answer.   *See* Doc. No. 72, at 21.

[4] Notably, with the severance of eTeam, Inc. and Fusion Solution/Abbas, the remaining Defendants would include Brooks Consultants, Inc., Teri-Lynn Johansson, Gerry Wyse, Labyrinth International, and SWI, Inc.   The second amended complaint alleges connections between Brooks Consultants, Johansson, Wyse, and Labyrinth.   *See, e.g.*, Doc. No. 29 ¶¶ 67–74, 77, 117–34.   SWI, Inc., for its part, has not argued that it has been misjoined in this action, *see* Doc. No. 34, and notably, is represented by the same counsel as Brooks Consultants, Inc. and Gerry Wyse.

demonstrates no obvious connection between Fusion Solution/Abbas and the remaining Defendants, besides that all Defendants allegedly breached various contracts with Plaintiff.   *See* Doc. No. 29.   In his response to the motion, Plaintiff does not argue that there is any other connection between Fusion Solution/Abbas and the remaining Defendants.   *See* Doc. No. 75.   Given that neither requirement of Rule 20(a) is even alleged to have been satisfied, severance at this time is appropriate.   *See, e.g.*, *Kennedy*, 2017 WL 603001, at *4, *report and recommendation adopted*, 2017 WL 589196 (M.D. Fla. Feb. 14, 2017) ("The presence of multiple, unrelated defendants may lead to individualized discovery disputes and summary judgment motions that threaten to derail the progress of other claims in the case and prejudice some of the Defendants . . . .").[5]

So, like eTeam, the undersigned will recommend that the claims against Fusion Solution and Abbas be dismissed for misjoinder of these Defendants.   *See* Doc. Nos. 61, 70.   *See also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied); *Kennedy*, 2017 WL 603001, at *2, *report and recommendation adopted*, 2017 WL 589196 (M.D. Fla. Feb. 14, 2017) ("[S]imilar issues of liability alone are not

---

[5] To the extent that Plaintiff asserts that discovery has or will reveal a conspiracy amongst Defendants, this argument is unpersuasive as Plaintiff does not allege a conspiracy in the second amended complaint.   *See* Doc. No. 29.

enough to warrant joinder; the claims must also share operative facts."); *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) ("The absence of concerted activity is . . . fatal to Plaintiffs' attempt at joinder."); *In re Ernie Haire Ford, Inc.*, 459 B.R. at 831 ("Merely engaging in the same wrongful conduct, without any other apparent connection between defendants, is insufficient to satisfy the transactional requirement of Rule 20.   Where transactions involve different parties, different contracts, and different terms of dealing, they are not part of the same series under Rule 20, notwithstanding that the alleged wrongdoing is effectuated in the same general way.").

Importantly, Plaintiff would be able to re-file his suit against Fusion Solution and Abbas in a separate case.   If the Court agrees with the recommendations made herein and dismisses Fusion Solution and Abbas from this case, I will further recommend that the Court find that a complaint against Fusion Solution and Abbas refiled in a separate proceeding within thirty days of the Court's Order relate back to the date of institution of this lawsuit for statute of limitations purposes should that issue be raised.   *See* Doc. Nos. 61, 70.   *See also In re Ernie Haire Ford, Inc.*, 459 B.R. at 834 & n.30 (ordering same and citing authority); *Directv, Inc. v. Bates*, No. CV 03-1060 JP/LFG, 2004 WL 7338186, at *2 (D.N.M. Feb. 18, 2004) (similar).

## IV.    RECOMMENDATION.

For the reasons stated herein, I will respectfully **RECOMMEND** that the Court **GRANT** Defendants Fusion Solutions, Inc. and Fatima Abbas' Rule 21 Motion to Dismiss Them from the Current Action as Improperly Joined Defendants (Doc. No. 74), and **DISMISS** Fusion Solution and Abbas as Defendants in this matter, **without prejudice** to Plaintiff filing a separate case against them.   I will further **RECOMMEND** that the Court find that a complaint refiled in a separate proceeding within thirty days of the Court's Order relate back to the date of institution of this lawsuit for statute of limitations purposes should that issue be raised.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 15, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy